```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                            18 CR 217 (KMW)

GORDON FREEDMAN, JEFFREY
GOLDSTEIN, TODD SCHLIFSTEIN,
DIALECTI VOUDOURIS, and
ALEXANDRU BURDUCEA,

                Defendants.

------------------------------x
                                         New York, N.Y.
                                         September 20, 2018
                                         1:30 p.m.

Before:

                    HON. KIMBA M. WOOD,

                                         District Judge


                         APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
NOAH SOLOWIEJCZYK
DAVID ABRAMOWICZ
     Assistant United States Attorneys

FASULO BRAVERMAN & DiMAGGIO, LLP
     Attorneys for Defendant Freedman
SAMUEL M. BRAVERMAN

BRAFMAN & ASSOCIATES, P.C.
     Attorneys for Defendant Goldstein
MARC AGNIFILO

QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Attorneys for Defendant Schlifstein
ALEX SPIRO
```

I9K3FREC

APPEARANCES (Continued)


THE HOFFINGER FIRM, PLLC
     Attorneys for Defendant Voudouris
SUSAN HOFFINGER
MARK W. GEISLER

LEVITT & KAIZER
     Attorneys for Defendant Burducea
RICHARD LEVITT

1           THE DEPUTY CLERK:  The court now calls the United
2    States v. Freedman, Goldstein, Schlifstein, Voudouris, and
3    Burducea.  Will counsel please state their appearances.
4           MR. SOLOWIEJCZYK:  Good afternoon, your Honor.  Noah
5    Solowiejczyk and David Abramowicz for the government.
6           THE COURT:  Very good.
7           MR. BRAVERMAN:  Good morning.  Sam Braverman, Fasulo
8    Braverman & Di Maggio for Mr. Freedman who is the second
9    gentleman in from the Court's right in the front row.
10          THE COURT:  Thank you.
11          MR. AGNIFILO:  Good afternoon.  Marc Agnifilo, and I
12   represent Dr. Goldstein who is sitting right behind me in the
13   front row.
14          MS. HOFFINGER:  Susan Hoffinger, and I represent
15   Dr. Voudouris who is sitting right behind me.
16          MR. LEFITT:  Richard Levitt for Dr. Burducea who is
17   seated behind me.  Good afternoon, your Honor.
18          THE COURT:  Good afternoon.
19          MR. SPIRO:  Good afternoon, Judge.  Alex Spiro.
20   Dr. Schlifstein is here who I represent in the first row.
21          THE COURT:  Very good.  Let me ask government counsel
22   to bring me up to date.
23          MR. SOLOWIEJCZYK:  Your Honor, the government has made
24   a series of very substantial discovery productions in this
25   case.  They have consisted of, among other things, e-mail

1    productions, medical records, patient records, financial
2    records, some e-mail search warrant returns, sign-in sheets
3    from the speaker programs that are at issue in this case,
4    that's just some examples of the stuff we've produced.  I think
5    it's fair to say it is a voluminous production.
6             The government anticipates it's substantially done
7    with discovery with one caveat.  There is a case in the
8    District of Massachusetts that relates to certain executives of
9    the pharmaceutical company that is at issue in this case.
10   There is some limited additional discovery that the government,
11   that the District of Massachusetts has produced in their case.
12   And we plan to get a copy of that and produce that to these
13   defendants out of an abundance of caution, just so they can
14   have everything that's potentially relevant to them.
15            THE COURT:  Good.  Have you discussed with defense
16   counsel any motions schedule?
17            MR. SOLOWIEJCZYK:  Yes, your Honor.  What we're hoping
18   to do today, your Honor, is both set a motion schedule but also
19   get a trial date from your Honor.  Given there's so many
20   defense counsel, we want to make sure we get something on the
21   calendar.
22            THE COURT:  I think that's a very good idea.
23            MR. SOLOWIEJCZYK:  This will be a relatively lengthy
24   trial.
25            THE COURT:  Right.

Case 1:18-cr-00217-KMW   Document 53   Filed 10/23/18   Page 5 of 15      5
I9K3FREC

1           MR. SOLOWIEJCZYK:  So we had preliminarily discussed a
2     motion schedule which I think -- and defense counsel can
3     correct me if I'm wrong -- would have defense motions being due
4     on January 22 of 2019, government's opposition being due
5     February 27 of 2019, and any replies being due on March 20 of
6     2019.
7           MR. BRAVERMAN:  Judge, on behalf of the defense, we
8     agreed to those dates.
9           THE COURT:  All right.  You said March 20?
10          MR. SOLOWIEJCZYK:  Yes, your Honor.  In terms of a
11    trial date, your Honor, our understanding from the defense
12    counsel is between the five of them, we anticipate, your Honor,
13    this trial could be as long as potentially six weeks.  That's a
14    conservative number, because I think it is always better to say
15    maybe a little longer than a little shorter.  But six weeks
16    potentially.
17          Given that, the defense counsel have told us that the
18    earliest that they're all available would be November of 2019.
19    What we'd ask your Honor is that, to the extent other cases go
20    away or plead out, that we can hopefully move that date up a
21    little bit.  Because this case was indicted in March of this
22    year.
23          THE COURT:  What stands in the way of an earlier date?
24    Counsel's trial obligations?
25          MR. AGNIFILO:  Yes, Judge, Marc Agnifilo.  I can

                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

start.  Judge Garaufis in the Eastern District of New York, I have a fairly involved trial in front of Judge Garaufis involving this alleged sex cult which has gotten some notoriety.  And Judge Garaufis gave me an order that I'm not to take anything other than his case between January 1st and June 30 of 2019.

THE COURT:  I didn't know judges could do that.

MR. AGNIFILO:  Well, I believe it's never too late.  So, he went and did.  And I have another lengthy trial, it is a Manhattan DA's Office case involving an explosion on the Lower East Side where people unfortunately lost their lives.  That's piggybacking behind the federal case with Judge Garaufis.  So that brings me into the fall of 2019.

THE COURT:  The Garaufis case begins trial when?

MR. AGNIFILO:  So we have a trial date right now of January 7.  But Judge Garaufis just deemed it a complex case.  So I think it's going to move maybe until February or March.  And that's the reason I think Judge Garaufis gave us this six-month period so that he, quite frankly, he has the flexibility to use any portion of the six months.  It is probably about a two-month trial at the end of the day.  It is a six-defendant case involving sex trafficking and racketeering.  It is a fairly involved trial.

So I know that wreaks havoc on other judges and I apologize.  And I will be wherever whatever judge tells me to

1    be whenever.  That is what I'm sitting with at this point.

2            THE COURT:  That trial is due to last how long?  The

3    sex cult trial is due to last how long?

4            MR. AGNIFILO:  Between six and eight weeks.

5            THE COURT:  Is there any chance of it settling?

6            MR. AGNIFILO:  Not with my client.  There is a 15-year

7    mandatory minimum, and it is a very novel theory we believe, so

8    I don't think it will plead.

9            THE COURT:  How long have you been on this case?  This

10   one.

11           MR. AGNIFILO:  Oh, this case.  From close to the

12   inception.  So, in the spring, I think it was probably March of

13   this year.

14           THE COURT:  Is there someone else from your office who

15   could take over your role?

16           MR. AGNIFILO:  Not really, Judge.  There is really

17   just me and Mr. Brafman.  I think Mr. Brafman is tied up with

18   Weinstein, which is going to be a trial.  So I think it is

19   probably just me.  We're really the only two who try cases in

20   our office.  We have seven lawyers, and only two of us really

21   try cases.

22           THE COURT:  Okay.  I understand.

23           MR. BRAVERMAN:  Judge, if I might add one additional

24   issue to that.  One of the other additional issues here is that

25   the government is, as they have said, has been quite forthright

1   in giving us voluminous discovery.  That is in excess of four
2   terabytes or approximately twice the size of the Library of
3   Congress.  In the millions of documents we have to review.
4   We're working our way through those for our motion practice,
5   which is likely to take us into at least April for decision as
6   it is.
7              At that point, one of the things we are also talking
8   about with the government is some disclosure of their -- and
9   we've been working with them to try to set a schedule, but the
10  404(b) items which we expect are coming, the severance issues
11  which we might be making, those things.  We think that's still
12  likely to consume much of the first half of 2019 as it is.
13             So, if we were to do all our motion practice and the
14  review of these government exhibits prior to trial, that still
15  take us into the summer.  And if my colleague is going to be on
16  trial, there is only so much room before that anyway.
17             So in furtherance of that, Judge, we think that we're
18  all trying to block this out to make this -- I know, for
19  instance, my client can't practice as this is pending.  So it
20  is ruinous to him to wait as long as he has to wait.  But
21  nonetheless, we're all trying to make this as early as
22  possible.  Understanding that everybody has an interest in a
23  reasonable but prompt discussion of the facts.  So we think
24  this is the closest we can get there, Judge.
25             THE COURT:  Is there any prejudice to the government

1    if we put it off until November?
2             MR. SOLOWIEJCZYK:  Not beyond sort of the usual types
3    of prejudice that would result, your Honor.
4             THE COURT:  You mean fading memories?
5             MR. SOLOWIEJCZYK:  Exactly, your Honor.
6             THE COURT:  So it would be reasonable to put it in
7    early November.
8             MR. SOLOWIEJCZYK:  Yes, your Honor.  I guess the only
9    thing we'd ask, if, for example, Mr. Agnifilo's case goes away
10   unexpectedly, that he let everybody know, and perhaps we could
11   move it up at that point.
12            THE COURT:  Yes.  If that case were to go away, please
13   notify me and the other counsel within 24 hours.
14            MR. AGNIFILO:  I will do that, Judge.  Yes, thank you.
15            THE COURT:  Then we'll have a conference.
16            MR. AGNIFILO:  Very good.
17            THE COURT:  That week.
18            MR. AGNIFILO:  Very good.  Yes, thank you.
19            THE COURT:  I have another criminal trial starting
20   November 1st.  I'd like to set this for November 5.  I don't
21   want to get close to the holidays because we would tend to lose
22   jurors, as you know.  I do have a trial, a one-week trial ahead
23   of you on the 5th, but I think it may well plead out.  So let's
24   set the trial date.
25            The calendar I have here does not go that far.  Does

1    anyone have a calendar?
2             MR. SOLOWIEJCZYK:  We do, your Honor.  So November 5
3    is actually a Tuesday.  I don't know if you would want it to be
4    the 4th instead.  I'm not sure.
5             THE COURT:  What's the earliest weekday in November?
6             MR. SOLOWIEJCZYK:  Friday the 1st.  I don't know if
7    your Honor wants to start on Friday.
8             THE COURT:  No.  The jury administrator won't do that.
9             MR. SOLOWIEJCZYK:  So then it would be November 4th.
10            THE COURT:  We'll set it November 4, 9:30 a.m.  We
11   should have the jury, given that we'll be first case picking
12   that day, I think.  We might get our jury by 10, 10:30.  We can
13   deal with any new motions in limine or any loose ends can be
14   dealt with between 9:30 and 10 or 10:30.
15            While we're on the subject of trial, I'd like to
16   mention that I try cases from 9:30 in the morning until 2:30 in
17   the afternoon with half an hour for lunch, which has turned out
18   to be to everyone's satisfaction, the lawyers, the jurors,
19   everyone.  It gets in a full trial day.  And given the length
20   of the case, I may well sit on Fridays.  As we get closer to
21   the date, I'll decide.
22            Is there any objection to an exclusion of time between
23   now and November 4, 2019?
24            MR. BRAVERMAN:  No objection, your Honor.
25            THE COURT:  In light of the fact that defense counsel

need time to review discovery and to make any motions, I find that an exclusion of time from today through November 4, 2019, is in the interest of justice and that those interests outweigh the interests of the defendants and the public in a speedy trial. I thus exclude that time.

While we are on the subject of trial, I have a memo on trial procedures. I have a memo on picking juries. If you could just check with my, whenever you're ready to consider that, call my deputy or look at the rules I have posted. I'm not sure that I have posted everything my deputy has, so I suggest that you contact my deputy.

We ought to pick a date for voir dire and request to charge. Do we have a date about two weeks before November 4? Why don't we make it three since I'll be on trial.

MR. SOLOWIEJCZYK: Your Honor, that would be October 14, 2019.

THE COURT: Good. On October 14, 2019, I need to have you submit all on one disc your voir dire, that which is agreed, and then any that are disagreed, telling me what they are.

MR. SOLOWIEJCZYK: Your Honor, actually I just noticed that the 14th is Columbus Day. I don't know if we want to make it the 15th instead.

THE COURT: We'll make it the 15th.

With respect to request to charge they, too, should

1     all be on same disc with the government's first request first,
2     and the defense response to that first.  The response being
3     redlining and any authorities you have.  I think that's all I
4     need to mention on that.
5              Is there anything else anyone would like to raise?
6              MR. SOLOWIEJCZYK:  Your Honor, so just to confirm,
7     defense motions will be due on January 22, 2019, government
8     opposition the 27th of February, 2019, and defense reply on
9     March 20, 2019.
10             THE COURT:  That's correct.
11             MR. SOLOWIEJCZYK:  Thank you.
12             THE COURT:  Did everyone hear that?
13             MR. BRAVERMAN:  Yes, we did, your Honor.  Judge, just
14    two other matters if I could.  One is that we're in
15    consultation with the government now about amending the
16    protective order to allow our clients to have greater access to
17    these documents and not have to travel to our offices to review
18    it.  I think we're going to reach an agreement on just about
19    all those issues.  If we do, can we present to the Court a new
20    protective order that the parties agreed to, to allow the
21    clients greater access?
22             THE COURT:  Of course.
23             MR. BRAVERMAN:  Okay.  And the other one I wanted to
24    raise was two others.  I intend to request to the Court to
25    consider a jury questionnaire in this case, given nature of the

1   charges and the press that's been -- there has been an enormous
2   amount of press on this.
3            THE COURT:  Really?
4            MR. BRAVERMAN:  I would like to, Judge.  I found in
5   charges like this or highly complicated cases for which there
6   is a lot of press about things, and we know there has been a
7   lot of press about these issues recently about fentanyl and
8   other drugs like that, I could then submit that to the Court
9   well in advance of the date the Court has proposed so the Court
10  could consider that, still maintaining our schedule.
11           So if I gave a motion to the Court and a proposed
12  questionnaire let's say in September, that would still give the
13  Court and the parties an opportunity to review it, consider it,
14  and let the Court reach a decision and go from there.
15           THE COURT:  Certainly I'll consider a written
16  questionnaire to be answered in writing.  That would be
17  administered by the jury administrator.
18           MR. BRAVERMAN:  Yes, exactly.
19           THE COURT:  What I prefer is for you to confer ahead
20  of time before you propose something.  Confer among all defense
21  counsel and with the government, see if you can come up with a
22  joint proposal for a questionnaire.  The jury administrator
23  needs a fair amount of time to get the jurors in to administer
24  it, and then it takes time for copies to be made for all
25  counsel, and then for counsel all to confer about who you agree

1    to let go, who you don't agree to let go.  If you all agree to
2    let a juror go, I'm very likely to simply let the juror go.
3    I'll assume you have good reasons.  But I'd need to see it,
4    then the jury administrator needs to see it.  Try to have it
5    ready four weeks ahead of time.
6              MR. BRAVERMAN:  Absolutely, Judge.  I've done it with
7    Judge McMahon.  Judge Cogan did it.  It does take a lot of work
8    to get it done, but in the end we picked a jury in a day.  So
9    it really made a big difference.
10             THE COURT:  It will make a big difference if it's done
11   right.  I agree.
12             MR. BRAVERMAN:  I hope to do it right, and I'll get it
13   to the Court well in advance.
14             THE COURT:  Good.
15             MR. BRAVERMAN:  One other issue is on the next court
16   date, which is at this point likely to be for ministerial
17   matters, discussion of dates, can we ask that the defendants be
18   excused from appearing on that court date?  Obviously they're
19   required to continue to come back to court, they have a duty to
20   be here.  But if on that date we would consider excusing them,
21   absent a final trial conference.
22             THE COURT:  Does the government have a view?
23             MR. SOLOWIEJCZYK:  No objection, your Honor.
24             THE COURT:  All right.  They will be excused from the
25   next conference.

1            MR. BRAVERMAN:  Thank you very much.
2            THE COURT:  As part of the voir dire, I ask the
3    government to prepare a description of the case and an
4    introduction of the parties.
5            Okay.  Anything else?
6            MR. SOLOWIEJCZYK:  Nothing further from the
7    government.
8            MR. BRAVERMAN:  Nothing further, your Honor.  Thank
9    you.
10           MR. AGNIFILO:  Nothing from me.  Thank you.
11           MS. HOFFINGER:  Nothing, thank you.
12           MR. LEFITT:  Thank you.
13           THE COURT:  Thank you very much.  We are adjourned.
14           (Adjourned)