UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA,

                    v.

GORDON FREEDMAN,
JEFFREY GOLDSTEIN,
DIALECTI VOUDOURIS,

                                Defendants.
---------------------------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/19

18-CR-217 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Defendants Gordon Freedman, Jeffrey Goldstein, and Dialecti Voudouris (the

"Defendants") are charged with conspiracy to violate the Anti-Kickback Statute, in violation of

18 U.S.C. § 371 (Count One); a substantive violation of the Anti-Kickback Statute, in violation

of 42 U.S.C. § 1320a-7b(b)(1)(B) and 18 U.S.C. § 2 (Count Two); and conspiracy to commit

honest services wire fraud, in violation of 18 U.S.C. § 1349 (Count Three). In addition,

Goldstein and Voudouris are charged with aggravated identity theft, in violation of 18 U.S.C. §§

1028A(a)(1), 1028A(c)(5), and 2 (Count Four); Voudouris is charged with wrongful disclosure

of individually identifiable health information, in violation of 42 U.S.C. §§ 1320d-6(a)(3),

1320d-6(b)(1), and 18 U.S.C. § 2 (Count Seven); and Goldstein is charged with wrongful

disclosure of individually identifiable health information, in violation of 42 U.S.C. §§ 1320d-

6(a)(3) and 1320d-6(b)(1) (Count Eight).

The Defendants seek severance under Federal Rules of Criminal Procedure 8(b) and

14(a). For the reasons stated below, the Defendants' motions are DENIED.

## BACKGROUND

### I.     Factual Background

The Court assumes the parties' familiarity with the allegations detailed in the lengthy

1

indictment in this case. (Indictment, ECF No. 1.) Briefly, the Defendants are alleged to have participated in a scheme in which "they accepted bribes and kickbacks in exchange for prescribing a potent and highly addictive fentanyl-based spray" called Subsys, manufactured by Insys Therapeutics ("Insys"). (*Id.* ¶ 1.) Insys purportedly compensated the Defendants for being "Speakers" at educational presentations, known as "Speaker Programs." (*Id.* ¶ 2.) The "Speaker Programs were touted as educational events at which the Speaker educated other doctors regarding [Subsys]." (*Id.* ¶ 4.) According to the allegations, however, "many of the Speaker Programs [the Defendants] conducted were merely social gatherings at high-end restaurants with no educational presentation whatsoever [and] . . . lacked an appropriate audience of peer-level doctors with a professional reason to be educated about [Subsys]." (*Id.*) Insys allegedly selected and compensated the Defendants "to induce them to prescribe large volumes of [Subsys]." (*Id.* ¶ 3.) The alleged scheme thus operated as follows: Insys paid kickbacks to the Defendants in the form of fees for sham Speaker Programs, and, in exchange, the Defendants prescribed Subsys to their patients. (*Id.* ¶¶ 1–5.)

## II. Relevant Procedural Background

On January 22, 2019, Burducea moved for severance under Rule 8(b) and Rule 14(a). (Mem. Law Supp. Mot. by Def. Burducea (Burducea Mot.), ECF No. 75, at 11–19.)[1] On the same day, Goldstein moved for severance under Rule 8(b). (Mem. Law Supp. Mot. by Def. Goldstein ("Goldstein Mot.), ECF No. 78, at 14–15.) Freedman and Voudouris joined both motions. (*See* ECF No. 81, at 3 n.1; ECF No. 71, at 22.)[2] On February 28, 2019, the

---

[1] Burducea subsequently pleaded guilty. (*See* ECF No. 86.) His motion is relevant here to the extent the remaining defendants joined his arguments.

[2] There appears to be confusion over whether Voudouris joined Burducea's Rule 14(a) motion for severance. (*See* ECF No. 116, at 1 ("As the Government notes, Dr. Voudouris moved for severance only under Rule 8(b).").) Because the Court rejects Burducea's Rule 14(a) motion, it need not address this confusion.

government filed its opposition to these motions. (ECF No. 95.)

On April 18, 2019, Voudouris filed a separate motion for severance under Rule 14(a), which Goldstein joined. (ECF No. 108.) The government filed a response to this motion on May 14, 2019. (ECF No. 115.) Voudouris replied on May 20, 2019. (ECF No. 116.)

## DISCUSSION

### I.    Motions for Severance

#### A.    Rule 8(b)

Rule 8(b) of the Federal Rules of Criminal Procedure provides, in relevant part:

> Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

"[T]he 'same series of acts or transactions' language . . . mean[s] that 'joinder is proper where two or more persons' criminal acts are unified by some substantial identity of facts or participants, or arise out of a common plan or scheme.'" *United States v. Rittweger*, 524 F.3d 171, 177 (2d Cir. 2008) (quoting *United States v. Cervone*, 907 F.2d 332, 341 (2d Cir. 1990)).

Under Rule 8, "[t]here is a preference . . . for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "This preference is particularly strong where . . . the defendants are alleged to have participated in a common plan or scheme." *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998). As the Supreme Court explains:

> It would impair both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand.

3

*Id.* (omission in *Salameh*) (quoting *Richardson v. Marsh*, 481 U.S. 200, 210 (1987)).

With respect to conspiracy charges, "[t]he established rule is that a non-frivolous conspiracy charge is sufficient to support joinder." *United States v. Sezanayev*, No. 17-CR-262 (LGS), 2018 WL 2324077, at *2 (S.D.N.Y. May 22, 2018) (Schofield, J.) (alteration in *Sezanayev*) (quoting *United States v. Nerlinger*, 862, F.2d 967, 973 (2d Cir. 1988)); *see also United States v. Friedman*, 854 F.2d 535, 561 (2d Cir. 1988) ("The mere allegation of conspiracy presumptively satisfies Rule 8(b), since the allegation implies that the defendants have engaged in the same series of acts or transactions constituting an offense." (quoting *United States v. Castellano*, 610 F. Supp. 1359, 1396 (S.D.N.Y. 1985) (Sofaer, J.))).

The Defendants do not contend that the conspiracy charge here is frivolous. Instead, they argue that the government at best establishes multiple conspiracies, rather than a single conspiracy. (Goldstein Mot. 14–15; Burducea Mot. 11–15.). But "[w]hether the government has proved a single or 'multiple other independent conspiracies is a question of fact for a properly instructed jury.'" *United States v. Sureff*, 15 F.3d 225, 229 (2d Cir. 1994) (quoting *United States v. Alessi*, 638 F.2d 466, 472 (2d Cir. 1980)).

The indictment in this case alleges a common scheme and non-frivolous conspiracy involving all of the Defendants to violate the Anti-Kickback Statute. The Defendants are thus properly joined under Rule 8(b).

### B.    Rule 14(a)

Rule 14(a) of the Federal Rules of Criminal Procedure provides, in relevant part, that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

"A defendant seeking severance under Rule 14 has the 'extremely difficult burden,' of proving not merely that he would be prejudiced by a joint trial, but that the prejudice would be so great as to deprive him of his right to a fair trial." *United States v. Bellomo*, 954 F. Supp. 630, 649 (S.D.N.Y. 1997) (Kaplan, J.) (quoting *United States v. Casamento*, 887 F.2d 1141, 1149 (2d Cir. 1989)); *see also Zafiro*, 506 U.S. at 539 ("[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."). "[D]iffering levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials." *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003) (alteration in *Spinelli*) (quoting *United States v. Carson*, 702 F.2d 351, 366–67 (2d Cir. 1983)). "Even 'joint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible.'" *Id.* (quoting *United States v. Locascio*, 6 F.3d 924, 947 (2d Cir. 1993)).

Even where the risk of prejudice is high, "'less drastic measures [than severance], such as limiting instructions, often will suffice' to cure any risk of prejudice and permit joinder." *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (alteration in *Page*) (quoting *Zafiro*, 506 U.S. at 539). Consequently, "[t]he principles that guide the district court's consideration of a motion for severance usually counsel denial." *United States v. Rosa*, 11 F.3d 315, 341 (2d Cir. 1993).

In Burducea's motion for severance, he argues that the anticipated evidence at trial—as reflected in the allegations contained in the indictment in this case—will result in significant spillover prejudice, which, in turn, warrants severance. (Burducea Mot. 16–19.) On April 11, 2019, after Burducea filed his motion, a grand jury returned a separate indictment against Freedman (the "New Freedman Indictment") in a different criminal case. (*See* Indictment,

*United States v. Freedman*, 19-CR-249 (AJN) (S.D.N.Y. April 10, 2019), ECF No. 1.) The New

Freedman Indictment charges Freedman with distributing opioids, including a fentanyl-based

product ("TIRF"), without a legitimate medical purpose, and alleges that his distribution of TIRF

caused the death of a patient. (*See* ECF No. 108, at 4–6.) Voudouris (joined by Goldstein)

subsequently moved for severance based on these new "inflammatory allegations." (*Id.* at 1–3.)

With respect to the indictment *in this case*, Burducea's motion for severance is meritless.

A review of the indictment demonstrates that, although there may be differing levels of

culpability and proof with respect to each defendant, there is no conduct on the part of any single

defendant that is so egregious as to jeopardize any other defendant's right to a fair trial. *See*

*Spinelli*, 352 F.3d at 55. The Defendants allegedly occupied the same roles in the kickback

scheme and are charged with the same core criminal conduct. Furthermore, any potential

prejudice can be cured through an appropriate limiting instruction. *See Zafiro*, 506 U.S. at 539.

With respect to the New Freedman Indictment, Voudouris's motion presents a closer

question. As an initial matter, it is unlikely that evidence related to the New Freedman

Indictment—which concerns unrelated misconduct—will be admitted at trial in this case. The

government has represented that it does not intend to offer "proof during its case-in-chief

regarding the conduct alleged in the New Freedman Indictment." (ECF No. 115, at 3.)

Moreover, it is doubtful that Freedman will ultimately testify in a way that "opens the door" to

the misconduct alleged in the New Freedman Indictment. The potential for spillover prejudice is

thus remote at this time.

Even if Freedman were to open the door to admitting allegations in the New Freedman

Indictment by testifying, for example, that he always treats his patients in a medically

appropriate manner, any resulting prejudice would not be so great as to deprive the other

defendants of a fair trial. It is unlikely that a jury would attribute any of the misconduct charged in the New Freedman Indictment to the other defendants, for three reasons. First, the alleged misconduct at issue in the New Freedman Indictment—distribution of opioids without a legitimate medical purpose, including distribution that caused the death of a patient—is readily distinguishable from the alleged misconduct in this case, in which there is no allegation that any of the Defendants prescribed Subsys without a legitimate medical purpose. Second, any evidence related to the New Freedman Indictment would be cabined, as it would be adduced only on the cross-examination of Freedman, rather than during the government's case-in-chief. Third, this evidence would be introduced for the limited purpose of impeaching Freedman's credibility, should he testify that he treats his patients in a medically appropriate manner. Given these considerations, there is little danger that any evidence related to the New Freedman Indictment would prejudice the other defendants such that the jury would be unable to make a reliable judgment about their guilt or lack thereof in this case.

Finally, any resulting prejudice can be cured through a limiting instruction, reminding the jury that they must separately consider each individual defendant's guilt or lack thereof, and, in doing so, rely upon only the evidence admitted against the particular defendant they are considering. *See Zafiro*, 506 U.S. at 540–41; *Rittweger*, 524 F.3d at 179.

## CONCLUSION

For the foregoing reasons, the Defendants' various motions for severance are DENIED. The Clerk of Court is directed to close the motions at ECF Nos. 66, 69, 74, 76, 78, 80, and 108.

SO ORDERED.

Dated: New York, New York
July 23, 2019

KIMBA M. WOOD
United States District Judge