UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

GORDON FREEDMAN,

Defendants.
----------------------------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/19

18-CR-217 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

The Government has charged Defendant Gordon Freedman with (1) conspiring to violate the Anti-Kickback Statute; (2) committing a substantive violation of the Anti-Kickback Statute; and (3) conspiring to commit honest services wire fraud. The parties filed motions *in limine* on October 4, 2019. (ECF Nos. 155, 156.) The Court's rulings on these motions are stated below.

**I. RULINGS**

    **A. Government's Motions *in Limine***

        1. <u>Motion I: Statements of Co-Conspirators</u>

The Government seeks a pretrial ruling to admit certain statements made by Defendant's alleged co-conspirators, including Insys Therapeutics, Inc. ("Insys") employees and other doctors, under Rule 801(d)(2)(E) of the Federal Rules of Evidence. Among other objections to the Government's motion to introduce co-conspirator statements, Defendant argues that any statements made prior to the date Defendant joined the conspiracy are inadmissible. For a statement to be admissible pursuant to Rule 801(d)(2)(E), a court must find by a preponderance of the evidence that: (1) there was a conspiracy in existence; (2) the declarant and the defendant against whom the statement is offered were members of the conspiracy; and (3) the statement was made (a) in furtherance of the conspiracy and (b) during the course of the conspiracy. *See*

*United States v. Tracy*, 12 F.3d 1186, 1196 (2d Cir. 1993) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). The Court notes that "[t]he conspiracy to which Rule 801(d)(2)(E) has reference with respect to particular testimony need not be identical to the conspiracy charged in the indictment." *United States v. Orena*, 32 F.3d 704, 713 (2d Cir. 1994) (citing *United States v. Gotti*, 644 F. Supp. 370, 374 (E.D.N.Y. 1986) (collecting decisions)); *see also United States v. Lyles*, 593 F.2d 182, 194 (2d Cir. 1979). In fact, no conspiracy need be charged in order to admit co-conspirator statements under Rule 801(d)(2)(E), so long as the Government can establish the *Bourjaily* elements by a preponderance of the evidence. *See United States v. Stratton*, 779 F.2d 820, 829 (2d Cir. 1985).

Statements made before a conspiracy's formation generally fall outside the reach of Rule 801(d)(2)(E). *See Anderson v. United States*, 417 U.S. 211, 218 (1974). Statements of earlier-joined conspirators, however, can be admitted against members who joined later. *See United States v. United States Gypsum Co.*, 333 U.S. 364, 393 (1948) ("With the conspiracy thus fully established, the declarations and acts of the various members, even though made or done prior to the adherence of some to the conspiracy become admissible against all as declarations or acts of co-conspirators in aid of the conspiracy."). This principle is consistent with the agency theory of conspiracy that animates Rule 801(d)(2)(E). "[A] new recruit can be thought to have joined with an implied adoption of what had gone on before to enhance the enterprise of which he is taking advantage, where . . . there is sound reason to believe that he joined when he was generally aware of what his new partners had been doing and saying on behalf of the enterprise." *United States v. Badalamenti*, 794 F.2d 821, 828 (2d Cir. 1986) (citation and quotation marks omitted); *see*

*Haywood v. Portuando*, 288 F. Supp. 2d 446, 472 (S.D.N.Y. 2003) (Gorenstein, M.J.).[1]

If the Government alleges only a conspiracy between two entities—Freedman and Insys—that conspiracy could not have existed until Freedman joined it, and statements made by Insys before that point cannot be admitted under Rule 801(d)(2)(E).[2] *See United States v. Abu-Jihaad*, 531 F. Supp. 2d 289, 295–96 (D. Conn. 2008). If, however, the Government proves a broader conspiracy, in which at least two other members had already formed the requisite agreement before Defendant joined, the Government may be entitled to introduce certain statements that predate Defendant's involvement.

Whether other statements the Government seeks to admit were made "in furtherance" of the conspiracy will likewise depend on the scope of the conspiracy the Government proves, in addition to the statements' content and context. Under what is sometimes called the *Geaney* rule, declarations proffered as co-conspirator statements may be admitted in evidence on a conditional basis, subject to the later submission of proof of the *Bourjaily* prerequisites. *See United States v. Geaney*, 417 F.2d 1116, 1120 (2d Cir. 1969); *see, e.g., Tracey*, 12 F.3d at 1199. "The proper procedure is to determine the issues surrounding admissibility (the existence of the conspiracy, a particular defendant's role, whether the statements were made in furtherance of the conspiracy) during the trial, and, if necessary, outside the presence of the jury." *United States v. Aguirre-Parra*, 763 F. Supp. 1208, 1217 (S.D.N.Y. 1991) (Patterson, Jr., J.). That is the procedure the Court will follow here.

---

[1] Some decisions articulate a more inclusive test, without reference to a later-joining conspirator's awareness of what his partners had been doing and saying on behalf of the conspiracy before he joined it: "Where statements are made in the course of an existing conspiracy in which the defendant later joins, those statements may be admitted against him, even though he was not a member of the conspiracy at the time the statements were made, on the theory that he 'assumes the risk for what has already happened' in the scheme." *United States v. Farhane*, 634 F.3d 127, 161 n. 35 (2d Cir. 2011) (quoting 5 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 801.34[4][a], at 801-84 (Joseph M. McLaughlin ed., 2d ed. 2007)).

[2] The Court expresses no views on the viability of any potential alternative grounds for admitting such statements.

Accordingly, decision on the Government's motion is RESERVED.

2. <u>Motion II: Testimony of the Proposed Forensic Linguistics Expert</u>

The Government has moved to preclude testimony of an expert in forensic linguistics. The proposed expert testimony concerns the meaning of the phrase, "got it," as used by Defendant in an email exchange with a regional sales manager for Insys. (Gov't Mem., at 13-14, ECF No. 155.) The Government argues that the proposed testimony is improper because it would substitute an expert's opinion for a factual determination that is within the jury's ken. The Government notes that the meaning of "got it" is evidence of Defendant's intent—that is, whether Defendant agreed to participate in the alleged scheme—and that only the jury may decide Defendant's mental state or condition under Rule 704 of the Federal Rules of Evidence. (Gov't Mem., at 15.)

Pending the expert's clarification of his proposed testimony to be heard at the October 23, 2019 pretrial conference or at separate hearing in advance of trial, decision on the Government's motion is RESERVED.

3. <u>Motion III: Evidence of Medically Unnecessary Prescriptions and a Patient's Death</u>

If defendant testifies, attempts to elicit testimony, or otherwise argues that he was a good doctor; that he treated and prescribed opioids to his patients in a medically appropriate manner; or that he did his best to help his patients—in other words, if Defendant "opens the door" to the topic of the appropriateness of his medical care—the Government moves to admit evidence that (i) Defendant wrote medically inappropriate opioid prescriptions, and (ii) one of his prescriptions, for a fentanyl product made by an Isys competitor, caused the death of a patient. (Gov't Mem., at 17-18.) This evidence would be admissible pursuant to 404(b), and is unopposed.

4

Accordingly, the Government's motion is GRANTED.

**B.  Defendants' Motions *in Limine***

    1.    Motion I: Insys's Guilty Plea, Deferred Prosecution Agreement, and Civil Settlement

Defendant moves to preclude testimony, other evidence, and argument related to a case involving Insys in the District of Massachusetts.  (Def. Mem., at 2–5, ECF No. 156.)  In June of this year, Insys Pharma, Inc., a subsidiary of Insys, pleaded guilty in the District of Massachusetts to five counts of mail fraud and entered into a deferred prosecution agreement and a civil settlement with the United States Attorney's Office for the District of Massachusetts. The Government does not intend to introduce any testimony, other evidence, or argument related to that case.  (Gov't Opp'n, at 1–2, ECF No. 158.)

Accordingly, Defendant's Motion is DENIED as moot.

    2.    Motion II: Comparing Subsys to Heroin or "Street Drugs" and Comparing Dr. Freedman or Insys Personnel to Drug Dealers

Defendant has moved to preclude the Government from introducing testimony, other evidence, or argument comparing Subsys to heroin or "street drugs," and comparing Defendant or Insys employees to drug dealers.  (Def. Mem. at 5–6.)  Defendant concedes that "some description of the properties of Subsys" will be admissible.  (Def. Mem. at 6.)  The Government does not intend to argue or elicit testimony likening Subsys to any "street drug," or likening any Insys employees to drug dealers. (Gov't Opp'n, at 1–2.)

Accordingly, Defendant's Motion is DENIED as moot.

    3.    Motion III: Affirmative Duty to Advise Patients that Doctors Have Received Payments from Insys

Defendant has moved to preclude the Government from alleging that Defendant and/or other doctors mentioned at trial owed an affirmative duty to disclose to any patients to whom

they prescribed Subys that they were receiving payments from Insys through the company's speaker program. (Def. Mem., at 9–11.) The Government intends to elicit from witnesses that Defendant did not inform patients that he was being paid by Insys. (Gov't Opp'n, at 4–6.) The Government does not, however, intend to argue that Defendant thereby violated an affirmative obligation to do so. (Gov't Opp'n, at 4.)

Accordingly, Defendant's Motion is DENIED as moot.

### 4. Motion IV: Insys Reimbursement Center Employees' Lies to Insurance Companies

Defendant has moved to preclude evidence that Insys employees working in the Insys Reimbursement Center ("IRC") lied to insurance companies in order to obtain insurance coverage for Subsys prescriptions. (Def. Mem., at 11–12.) The Government intends to introduce communications demonstrating that Insys employees working at Defendant's office regularly transmitted information about Defendant's patients to the IRC; interacted with staff at the IRC and at pharmacies to ensure prescriptions were covered by insurance and filled; and communicated with other Insys employees and with staff from Defendant's office about actions necessary to obtain insurance coverage. (Gov't Opp'n, at 7.) The Government does not, however, intend to introduce evidence of any fraudulent conduct in which IRC employees engaged without Defendant's participation or knowledge. (Gov't Opp'n, at 7.) The Government has stated, for example, that it does not intend to show that IRC employees lied to insurance companies about patients' diagnoses. (Gov't Opp'n, at 7–8.)

Accordingly, Defendant's motion is DENIED as moot.

### 5. Motion V: Amending the Indictment

Defendant seeks an Order amending the indictment to include the full email exchange between the parties described in paragraphs fifty-one and fifty-two. (Def. Mem., at 12–13.)

6

"[T]he correction of merely technical errors, such as typographical or clerical mistakes, is permissible where it does not alter the essential substance of the charging terms." *United States v. Miller*, 116 F.3d 641, 669–70 (2d Cir. 1997). Otherwise, "a court may not alter or amend the indictment, literally or constructively, once it has been returned by the grand jury." *United States v. McCourty*, 562 F.3d 458, 470 (2d Cir. 2009).

The Court notes that the indictment is not evidence; it is a set of accusations. And because it does not purport to prove or even evidence guilt, jurors may not afford it weight. The Court will instruct the jury to that effect.

Accordingly, Defendant's motion is DENIED.

## CONCLUSION

The parties motions *in limine* are resolved as set forth above.

SO ORDERED.

Dated: New York, New York
October 22, 2019

KIMBA M. WOOD
United States District Judge