UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                  :

UNITED STATES OF AMERICA            :
                                                  :

           -v.-                          :       18 Cr. 217 (KMW)
                                                    :

GORDON FREEDMAN              :
                                                    :

            Defendant.           :

                                                    :

------------------------------------------------------------x


## JOINT PROPOSED REQUESTS TO CHARGE


GEOFFREY S. BERMAN
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Noah Solowiejczyk
David Abramowicz
Katherine Reilly
Assistant United States Attorneys
*- Of Counsel -*


Samuel M. Braverman, Esq.
Michael Giordano, Esq.
Fasulo, Braverman & Di Maggio, LLP
225 Broadway, Suite 715
New York, NY 10007
Attorneys for the Defendant, Gordon Freedman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                      :

UNITED STATES OF AMERICA         :

                       :

        -v.–         :      18 Cr. 217 (KMW)

                       :

GORDON FREEDMAN,        :

                       :

              Defendant.    :

                       :

----------------------------------------------------------------x


## JOINT PROPOSED REQUESTS TO CHARGE

           Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the parties respectfully

request that the Court include the following in its instructions to the jury.[1]

---

[1] The parties have noted any areas of disagreement in brackets below.  The Government's proposal is noted in blue text; the defendant's proposal is noted in red text.

## REQUEST NO. 1

### General Requests

[The Government respectfully request that the Court give its usual instructions to the jury on the following matters:

a. Function of Court and Jury
b. Jury's Recollection Governs
c. Note-Taking by Jurors
d. Duty to Base Verdict on Evidence
e. Improper Considerations
f. Statements of Court and Counsel Not Evidence
g. Duty to Weigh Evidence Without Prejudice
h. Government as a Party
i. Indictment Not Evidence
j. Burden of Proof
k. Punishment Not to be Considered By Jury
l. Presumption of Innocence
m. Reasonable Doubt
n. Direct and Circumstantial Evidence
o. Inferences
p. Credibility of Witnesses
q. Right to See Exhibits and Have Testimony Read During Deliberation]

[The defendant respectfully requests that the Court give the following general instructions:

**1.      The Role of the Court and the Jury**

I will now describe my role as the Judge and yours as the Jury. You, the members of the Jury, are the sole and exclusive judges of the facts in this case. It is my job to instruct you as to the law, and it is your duty to accept those instructions, and then apply them to the facts as you determine them.

On legal matters, you must take the law as I give it to you. If an attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions you must follow. You should not single out any instruction as alone stating the law; rather, you should consider my instructions as a whole when you go back to the jury room to deliberate.

I have said that the purpose of your deliberations is to determine the facts of this case. Let me remind you now about some general points regarding what you should consider in your deliberations. You must rely upon your own recollection of the evidence. The evidence consists of the answers given by witnesses, the stipulations agreed to by the Parties, and the exhibits that were received into evidence. You may not consider any testimony that I have told you to disregard or that was stricken from the record. What the lawyers said in their opening statements, closing statements, their objections, or their questions is not evidence. Nothing that I say is evidence. The rulings I have made during the trial are not any indication of my views of what your decision should be.

> Adapted from the charges given in by the Hon. Kenneth M. Karas in *United States v. Smith, et al*., 13-CR-297 (KMK) (conviction affirmed in *United States v. Smith, et al*., *sub non United States v. Halloran*, 664 F. App'x 23 (2d Cir. Oct. 20, 2016)) and given by the Hon. Valerie E. Caproni in United States v. Percoco, et al., 16-CR-776 (VEC) (conviction affirmed in *United States v. Percoco*, 19-CR-1272, (April 15, 2019)).]

## 2.     The Parties

The Parties to this case are the Government of the United States of America and the Defendant Dr. Gordon Freedman.

You are to perform your duty without bias or prejudice as to any Party of any kind. The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that of any other party to a case. By the same token, the Government is entitled to no less consideration. The Parties are equals before this Court and they are entitled to equal consideration.

> Adapted from the charges given in by the Hon. Kenneth M. Karas in *United States v. Smith, et al*., 13-CR-297 (KMK) (conviction affirmed in *United States v. Smith, et al*., *sub non United States v. Halloran*, 664 F. App'x 23 (2d Cir. Oct. 20, 2016))

and given by the Hon. Valerie E. Caproni in United States v. Percoco, et al., 16-CR-776 (VEC) (conviction affirmed in *United States v. Percoco*, 19-CR-1272, (April 15, 2019)).]

**3.**      <u>**The Presumption of Innocence and the Burden of Proof**</u>

Let me now instruct you about the presumption of innocence and the burden of proof. The Defendants have pleaded not guilty to the charges alleged in the Indictment. As a result of the pleas of not guilty, the burden is on the Government to prove the Defendant's guilt beyond a reasonable doubt. The burden never shifts to the Defendant, for the simple reason that the law never requires the defendant to prove his innocence: no defendant in a criminal case ever has the burden or duty of testifying, calling any witness, or locating or producing any evidence.

The law presumes the Defendant to be innocent of each charge. This presumption of innocence alone is sufficient to acquit the Defendant. The defendant was presumed innocent when the trial began, and this presumption remains with the Defendant unless and until you are convinced that the Government has proved the Defendant you are considering guilty beyond a reasonable doubt.

Let me explain to you what "reasonable doubt" is. The words almost define themselves. It is a doubt based on reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. Proof beyond a reasonable doubt must be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision in his or her own affairs. A reasonable doubt is not a caprice or whim, and it is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty, and it is not sympathy.

In a criminal case, the burden is at all times on the Government to prove guilt beyond a reasonable doubt for each of the necessary elements of each charge in the Indictment. The Government does not have to prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient for you to convict. That the Defendants introduced evidence in this case does not shift the burden of proof to them at all.

If, after fair and impartial consideration of all the evidence, or lack of evidence, you are satisfied beyond a reasonable doubt of the guilt of the Defendant you are considering as to the count you are considering, you should vote to convict that Defendant of that count. If, on the other hand, after fair and impartial consideration of all of the evidence, or lack of evidence, you have a reasonable doubt about the guilt of the Defendant you are considering as to the count you are considering, it is your obligation to acquit that Defendant of that count.

**4.      Communications with the Court**

Any communication with the Court should be made in writing, signed by your foreperson, and given to the Court Security Officer. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. Whenever you communicate with the Court, do not tell me or anyone else how the Jury stands until after a unanimous verdict is reached.

> Adapted from the charges given in by the Hon. Kenneth M. Karas in *United States v. Smith, et al*., 13-CR-297 (KMK) (conviction affirmed in *United States v. Smith, et al*., *sub non United States v. Halloran*, 664 F. App'x 23 (2d Cir. Oct. 20, 2016)) and given by the Hon. Valerie E. Caproni in United States v. Percoco, et al., 16-CR-776 (VEC) (conviction affirmed in *United States v. Percoco*, 19-CR-1272, (April 15, 2019)).]

**5.      Juror Note-Taking**

I know that many of you took notes during the trial. You should not show your notes to or discuss your notes with any other juror during your deliberations. Any notes you have taken are not evidence, and they are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in the case. If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

> Adapted from the charges given in by the Hon. Kenneth M. Karas in *United States v. Smith, et al*., 13-CR-297 (KMK) (conviction affirmed in *United States v. Smith, et al*., *sub non United States v. Halloran*, 664 F. App'x 23 (2d Cir. Oct. 20, 2016)) and given by the Hon. Valerie E. Caproni in United States v. Percoco, et al., 16-CR-776 (VEC) (conviction affirmed in *United States v. Percoco*, 19-CR-1272, (April 15, 2019)).]

**6.      Improper Considerations**

Your verdict must be based solely on the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the Government has sustained its burden of proof, any personal feelings you may have about the Defendants' race, religion, national origin, sex, or age. Everyone is entitled to the presumption of innocence. It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process. Likewise, you should not consider any feelings you might have about the attorneys in this case. Your verdict must be based exclusively on the evidence, or the lack of evidence, in the case

> Adapted from the charges given in by the Hon. Kenneth M. Karas in *United States v. Smith, et al*., 13-CR-297 (KMK) (conviction affirmed in *United States v. Smith, et al*., *sub non United States v. Halloran*, 664 F. App'x 23 (2d Cir. Oct. 20, 2016))

and given by the Hon. Valerie E. Caproni in United States v. Percoco, et al., 16-CR-776 (VEC) (conviction affirmed in *United States v. Percoco*, 19-CR-1272, (April 15, 2019)).]

**7.**  **The Indictment and the Verdict Form**

The foreperson will also receive a form on which to record your verdict. When the foreperson has completed the official verdict form, the foreperson must sign his or her name, and the form will be marked as a Court Exhibit.

Adapted from the charges given in by the Hon. Kenneth M. Karas in *United States v. Smith, et al*., 13-CR-297 (KMK) (conviction affirmed in *United States v. Smith, et al*., *sub non United States v. Halloran*, 664 F. App'x 23 (2d Cir. Oct. 20, 2016)) and given by the Hon. Valerie E. Caproni in United States v. Percoco, et al., 16-CR-776 (VEC) (conviction affirmed in *United States v. Percoco*, 19-CR-1272, (April 15, 2019)).]

**8.**  **Direct and Circumstantial Evidence**

There are two types of evidence that you may properly use in reaching your verdict: direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. One kind of direct evidence is a witness's testimony about something he or she knows by virtue of his or her own senses—something the witness has seen, felt, or heard. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence that tends to prove one fact by proof of other facts. Here is a simple example:

Suppose that when you came to the courthouse this morning the sun was shining and it was a nice day. Assume we drew the blinds in the courtroom and you couldn't see outside.

Then, later on, as you are sitting here, someone enters the courtroom with an umbrella that is dripping wet. Someone else walks in wearing a raincoat that is dripping wet.

You cannot look outside the courtroom, and therefore you cannot see directly whether or not it is raining. You have no <u>direct</u> evidence of that fact. But, on the combination of the other facts about the umbrella and the raincoat, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started to rain.

That is all there is to circumstantial evidence. You infer the existence or nonexistence of a fact from other facts using your reason, experience, and common sense. The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence. Your job, again, is to decide the facts of the case based on all the evidence, direct and circumstantial.

Now, I have told you that circumstantial evidence will require you to "infer" facts from other facts. The lawyers may also have used the term "infer" or "inference," and they may have asked you to infer, on the basis of your reason, experience, and common sense, the existence of some fact from one or more established facts.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists or does not exist based on other facts. It is a deduction or conclusion that you, the Jury, are permitted—but not required—to draw from facts established either by direct or circumstantial evidence. In drawing inferences, you should exercise your common sense, reason, and experience.

There may be times when different inferences can be drawn for facts, whether proved by direct or circumstantial evidence. The Government will ask you to draw one set of inferences, while a Defendant will ask you to draw other inferences. It is for you and you alone to decide what inferences you should draw.

Let me again remind you that, whether based on direct or circumstantial evidence, or reasonable and logical inferences based on that evidence, the Defendant is presumed innocent, and you must be satisfied that the Government has met its burden to prove the Defendant guilty beyond a reasonable doubt before you may convict the Defendant.

> Adapted from the charges given in by the Hon. Kenneth M. Karas in *United States v. Smith, et al.*, 13-CR-297 (KMK) (conviction affirmed in *United States v. Smith, et al.*, *sub non United States v. Halloran*, 664 F. App'x 23 (2d Cir. Oct. 20, 2016)) and given by the Hon. Valerie E. Caproni in United States v. Percoco, et al., 16-CR-776 (VEC) (conviction affirmed in *United States v. Percoco*, 19-CR-1272, (April 15, 2019)).]

**9.    Defenses to Intent**

Because criminal intent is required for every crime, it follows that good faith on the part of a Defendant is a complete defense. Good faith means having a state of mind that is honest and absent of criminal intent. A Defendant has no burden to establish the defense of good faith. The burden is on the Government to prove the criminal intent that was charged.

> Adapted from the charges given in by the Hon. Kenneth M. Karas in *United States v. Smith, et al.*, 13-CR-297 (KMK) (conviction affirmed in *United States v. Smith, et al.*, *sub non United States v. Halloran*, 664 F. App'x 23 (2d Cir. Oct. 20, 2016)) and given by the Hon. Valerie E. Caproni in United States v. Percoco, et al., 16-CR-776 (VEC) (conviction affirmed in *United States v. Percoco*, 19-CR-1272, (April 15, 2019)).]

## 10.    Role of Counsel

As I told you at the outset of the case, it is the duty of the attorneys to object when the other side offers testimony or evidence that the attorney believes is not properly admissible. Therefore, you should draw no inference if an attorney objected to evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

> Adapted from the charges given in by the Hon. Kenneth M. Karas in *United States v. Smith, et al*., 13-CR-297 (KMK) (conviction affirmed in *United States v. Smith, et al., sub non United States v. Halloran*, 664 F. App'x 23 (2d Cir. Oct. 20, 2016)) and given by the Hon. Valerie E. Caproni in United States v. Percoco, et al., 16-CR-776 (VEC) (conviction affirmed in *United States v. Percoco*, 19-CR-1272, (April 15, 2019)).]

## 11.    Reasonable Doubt

The question then becomes: what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof that is so convincing that a reasonable person would not hesitate to rely upon it in making an important decision. Proof beyond a reasonable doubt is not, however, proof beyond all possible doubt. A reasonable doubt is not a doubt based on caprice or whim. Nor is it a doubt based on speculation or suspicion. Reasonable doubt is also not an excuse to avoid the performance of an unpleasant duty.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the Defendant's guilt as to a particular charge against him, then you must find him not guilty on that charge. On the other hand, if after fair and impartial consideration of all the evidence, you are

satisfied beyond a reasonable doubt of the Defendant's guilt as to a particular charge, then you must find him guilty of that charge.

> Adapted from the charges given in by the Hon. Kenneth M. Karas in *United States v. Smith, et al*., 13-CR-297 (KMK) (conviction affirmed in *United States v. Smith, et al*., *sub non United States v. Halloran*, 664 F. App'x 23 (2d Cir. Oct. 20, 2016)) and given by the Hon. Valerie E. Caproni in United States v. Percoco, et al., 16-CR-776 (VEC) (conviction affirmed in *United States v. Percoco*, 19-CR-1272, (April 15, 2019)).]

## 12. Oath

I remind you that at the very beginning of the case you took an oath. Your oath sums up your duty. You must well and truly try the matters in issue and render a true verdict according to the law and the evidence.

> Adapted from the charges given in by the Hon. Kenneth M. Karas in *United States v. Smith, et al*., 13-CR-297 (KMK) (conviction affirmed in *United States v. Smith, et al*., *sub non United States v. Halloran*, 664 F. App'x 23 (2d Cir. Oct. 20, 2016)) and given by the Hon. Valerie E. Caproni in United States v. Percoco, et al., 16-CR-776 (VEC) (conviction affirmed in *United States v. Percoco*, 19-CR-1272, (April 15, 2019)).]

## 13. Credibility of Witnesses – Generally

Now for the important subject of evaluating the testimony you have heard. How do you evaluate the credibility or believability of witnesses?

As a general matter, you evaluate the credibility of a witness by using your plain common sense. In short, you should ask yourselves the same types of questions you would use in your everyday life to decide whether a person is truthful, straightforward, and accurate in his or her statements and recollections.

You should ask yourselves: Did the witness strike you as honest, open, and candid? How responsive was the witness to the questions asked on direct examination and on cross-

examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the types of questions you should ask yourselves in deciding whether and to what extent you believe a witness is or is not credible.

If you find that a witness is intentionally telling a falsehood, then that is always a matter of importance you should weigh carefully. Few people recall every detail of every event precisely the same way. However, a witness, like any other person, may be inaccurate, contradictory, or even untruthful in some respects, and yet entirely believable and truthful in. It is for you to determine whether such inconsistencies, if any, are significant or inconsequential.

Similarly, you may have heard evidence that a witness made a statement on an earlier occasion that a lawyer has argued is inconsistent with the witness's trial testimony. It is for you to determine whether a witness's prior statements are inconsistent with his or her live testimony, and, if so, how much, if any, weight you should give to an inconsistent statement or a discrepancy in testimony in determining how much of a witness's trial testimony, if any, to believe. Let me instruct you, however, that you should only consider evidence of a witness's prior inconsistent statements insofar as it relates to that witness's credibility.

If you find that any witness has willfully testified falsely as to any important matter, the law permits you to disregard that witness's entire testimony, on the theory that one who testifies falsely about one important fact is likely to testify falsely about everything. But you also do not have to do so. You may but are not required to consider such a witness completely "unbelievable." Again, a witness might lie about some things but testify truthfully about others.

How much you choose to believe a witness may also be influenced by the witness's bias, if you think he or she has any. Does the witness have a relationship with the Government or the

Defendant that may affect how the witness testified? Does the witness have some incentive or motive to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider the witness's accuracy: Did the witness have an opportunity to observe the facts he or she testified about? Does the witness's recollection of the facts stand up in light of the other evidence in the case?

In evaluating credibility, you may accept so much of a witness's testimony as you deem true and accurate and disregard what you feel is false. In other words, credibility is not an all-or-nothing proposition. By this process, as the sole judges of the facts, you will decide which of the witnesses you will believe, what portion of their testimony you will accept, and what weight you will give to it.

Adapted from the charges given in by the Hon. Kenneth M. Karas in *United States v. Smith, et al*., 13-CR-297 (KMK) (conviction affirmed in *United States v. Smith, et al*., *sub non United States v. Halloran*, 664 F. App'x 23 (2d Cir. Oct. 20, 2016)) and given by the Hon. Valerie E. Caproni in United States v. Percoco, et al., 16-CR-776 (VEC) (conviction affirmed in *United States v. Percoco*, 19-CR-1272, (April 15, 2019)).]

## REQUEST NO. 2

## The Indictment

The defendant, GORDON FREEDMAN, is formally charged in an Indictment. The Indictment itself is neither evidence nor proof of a defendant's guilt. I will not read the entire Indictment to you at this time. Before you begin your deliberations, you will be provided a copy of the indictment. I will not read you the indictment at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each offense.

The Indictment contains three counts. In your deliberations and in reaching your verdict, you must consider each count separately against the defendant. That is, your verdict on one charge should not dictate what your verdict should be on any other charge. I am briefly going to summarize each count. Then I will give you the law in greater detail.

Count One charges that the defendant engaged in a conspiracy to violate the Anti-Kickback Statute, in violation of Title 18, United States Code, Section 371, in connection with an alleged scheme to accept bribes and kickbacks from a pharmaceutical company, Insys Therapeutics Inc., in return for prescribing Subsys. As I will explain in more detail in a few moments, a conspiracy, such as the one charged in Count One, is a criminal agreement to violate the law.

Count Two charges that the defendant committed the substantive crime of violating the Anti-Kickback Statute, in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(B), in connection with the defendant's allegedly soliciting and receiving bribes and kickbacks from Insys Therapeutics Inc. in return for prescribing Subsys, in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(B). Later, I will explain to you the differences between a conspiracy count and a substantive count. For now, just keep in mind that a conspiracy count is different

from a substantive count.    Count One charges the defendant with participating in a conspiracy to violate the Anti-Kickback Statute.    Count Two charges the defendant with a substantive violation of the Anti-Kickback Statute.

Count Three charges that the defendant engaged in a conspiracy to commit honest services wire fraud, in violation of Title 18, United States Code, Section 1349, in connection with an alleged scheme to prescribe Subsys to his patients in return for bribes and kickbacks, thereby depriving the defendant's patients of their intangible right to the honest services of their doctor.

The defendant has denied that he is guilty of all of the charges with which he is charged.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 3-1; 3-2.
Adapted from the charge given by Hon. Kenneth M. Karas in *United States v. Malcom Smith, et al.*, 13 Cr 297 (KMK), *affirmed on appeal* , and from the charge given by Hon. Valerie E. Caproni in *United States v. Joseph Percoc, et al.*, 16 Cr 776, *affirmed on appeal at*

## REQUEST NO. 3

[**Multiple Counts**

The indictment contains a total of three counts. You must, as a matter of law, consider each count separately, and you must return a separate verdict on each count.

Adapted from Sand *et al., Modern Federal Jury Instructions, 3-8.*]

[**Structure of the Charges**

**Consider Only the Charges**

A few observations are in order following my summary of the Indictment. To begin with, the Defendant is not charged with committing any crimes other than the offenses contained in the Indictment. In this matter I allowed into evidence testimony about other criminal events which were allowed in only to provide background to the charges in the case. You are to return a verdict only as to the charges contained in the Indictment, and you may convict the defendant of a crime in the Indictment only if you are convinced beyond a reasonable doubt that he has been proven guilty of that charge.

**Multiple Statutes and Theories of Liability**

As I said, the Indictment contains three charges. As it is entitled to do, the Government has brought these charges under more than one criminal statute, each of which may involve a different theory of criminal liability. Because the Indictment contains charges brought under multiple statutes, I will need to instruct you on the legal elements and principles applicable to each specific statute and theory of liability.

Unless I instruct you otherwise, you will need to consider each charge separately. I will provide you with a verdict form, and you will need to report the results of your deliberations on

each count on the verdict form. To do so, you will need to keep track during your deliberations of which charge you are considering and the legal elements applicable to the charge.

In a few moments, I will instruct you on the elements of each of the charged offenses. I will provide you with all relevant definitions and all relevant legal principles. In other words, I will provide you with all the instructions you need to decide whether the Government has proved beyond a reasonable doubt each of the necessary elements of each of the charges in the Indictment.

During your deliberations, you will have a copy of the Indictment to reference as you deem necessary. Again, I remind you that the Indictment is not evidence. It only lists the charges against the defendant. You also will have a copy of my instructions. These instructions contain a detailed table of contents so, as you consider each count, you will easily be able to find the discussion of that count, including the elements the Government must prove beyond a reasonable doubt and an explanation of these elements.]

Adapted from the charges given in by the Hon. Kenneth M. Karas in *United States v. Smith, et al*., 13-CR-297 (KMK) (conviction affirmed in *United States v. Smith, et al*., *sub non United States v. Halloran*, 664 F. App'x 23 (2d Cir. Oct. 20, 2016)) and given by the Hon. Valerie E. Caproni in United States v. Percoco, et al., 16-CR-776 (VEC) (conviction affirmed in *United States v. Percoco*, 19-CR-1272, (April 15, 2019)).]

## REQUEST NO. 4

## Conspiracy and Substantive Counts

As I just mentioned, counts One and Three of the Indictment charge the defendant with the crime of conspiracy. Count Two charges the defendant with what is called a substantive crime.

A conspiracy count is different from a substantive count.   A conspiracy charge, generally speaking, alleges that two or more persons agreed together to accomplish an unlawful objective.   The focus of a conspiracy count, therefore, is on whether there was an unlawful agreement.   There can be no conspiracy unless at least two people reached such an agreement, [whether express or implied].

A substantive count, on the other hand, charges a defendant with the actual commission of an offense.   A substantive offense therefore may be committed by a single person, and it need not involve any agreement with anyone.

A conspiracy to commit a crime is an entirely separate and different offense from a substantive crime, the commission of which may be an object of the conspiracy.   And because the essence of the crime of conspiracy is an agreement [or understanding] to commit a crime, it does not matter if the crime, the commission of which was an objective of the conspiracy, ever was committed.   In other words, if a conspiracy exists and certain other requirements are met, it is punishable as a crime even if its purpose is not accomplished.   Consequently, a conspiracy charge does not require proof that the crime or crimes that were the objective or objectives of the conspiracy actually were committed.

By contrast, conviction on a substantive count requires proof that the crime charged actually was committed or attempted, but does not require proof of an agreement. If a defendant both participates in a conspiracy and commits the crime or crimes that were the object or objects of the conspiracy, that defendant may be guilty of both the conspiracy and the substantive crime or crimes. [Similarly, although charged with both conspiracy charges and substantive charges, the defendant may be not guilty of both charges.]

For the sake of convenience, I will instruct you first with respect to the count that charges a substantive crime, Count Two. I will then instruct you on the conspiracy counts, Counts One and Three.

Adapted from the charge given by the Hon. Lewis A. Kaplan in
*United States v. Gatto*, 17 Cr. 686 (LAK).

**Count Two: Violation of the Anti-Kickback Statute**

**Elements of the Offense**

Count Two charges the defendant with violating a federal law called the Anti-Kickback Statute. In relevant part, that law makes it unlawful for a person to "knowingly and willfully solicit[] or receive[] any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind . . . in return for purchasing, leasing, ordering, or arranging for or recommending purchasing, leasing, or ordering any good, facility, service, or item for which payment may be made in whole or in part under a Federal health care program." 42 U.S.C. § 1320a-7b(b)(1)(B). To meet its burden of proof as to Count Two, the Government must establish beyond a reasonable doubt each of the following three elements:

First, that the defendant solicited or received any remuneration;

Second, that the defendant solicited or received the remuneration in return for the defendant's purchasing, leasing, ordering, or arranging for or recommending purchasing, leasing, or ordering an item for which payment may be made, in whole or in part, under a Federal health care program; and

Third, that the defendant acted knowingly and willfully.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 27A-28; the charge of the Hon. Joseph N. Laplante in *United States v. Clough*, 17 Cr. 37 (D.N.H.)[2]; the charge of the Hon. Ronnie Abrams in *United States v. Luis Omar Vargas*, 18 Cr. 76 (S.D.N.Y.); the charge of the Hon. Sandra E. Townes in *United States v. Krikheli*, 08 Cr. 528 (E.D.N.Y.); the charge of the Hon. John G. Koeltl in *United States v. Mittal*, 98 Cr. 1302 (S.D.N.Y.).

---

2 In *United States v. Clough*, a physician's assistant was charged with violating the Anti-Kickback Statute for allegedly receiving speaker program fees from Insys Therapeutics, Inc. in return for prescribing Subsys.

## REQUEST NO. 6

### Count Two: Violation of the Anti-Kickback Statute

### First Element – Solicitation or Receipt of Remuneration

The first element the Government must prove beyond a reasonable doubt is that the defendant solicited or received any remuneration at or around the times alleged in the Indictment. "Remuneration" means something of value in whatever form. Remuneration may be paid in cash or by giving or exchanging property or other services.

> Adapted from the charge of the Hon. Douglas P. Woodlock in *United States v. Reichel*, 15 Cr. 10324 (D. Mass.)[3]; the charge of the Hon. Ronnie Abrams in *United States v. Luis Omar Vargas*, 18 Cr. 76 (S.D.N.Y.); the charge of the Hon. Joseph N. Laplante in *United States v. Clough*, 17 Cr. 37 (D.N.H.).

---

[3] In *United States v. Reichel*, an executive of a pharmaceutical company was charged with conspiring to violate the Anti-Kickback Statute for allegedly offering speaker program fees to physicians as bribes and kickbacks to prescribe.

**Count Two: Violation of the Anti-Kickback Statute**

**Second Element – Purpose of Remuneration**

The second element the Government must prove beyond a reasonable doubt is that the defendant received or solicited the remuneration in return for the defendant's purchasing, leasing, ordering, or arranging for, or recommending, purchasing, leasing, or ordering any good, facility, service, or item.    [Here, the Government alleges that the defendant received remuneration in return for prescribing a prescription medication called Subsys.]

In order to meet its burden with respect to this element, the Government must prove beyond a reasonable doubt that the remuneration was solicited or received as a quid pro quo in return for the defendant [prescribing Subsys] ['s purchasing, leasing, ordering, or arranging for, or recommending, purchasing, leasing, or ordering any good, facility, service, or item].    Quid pro quo means an exchange of this for that.

It is not necessary for the Government to prove that the defendant's receipt of the remuneration [from Insys was the only reason the defendant prescribed Subsys] [was the only reason he did the act alleged to be in exchange for the remuneration].    A defendant may act with a mixture of motives.    It is sufficient for the Government to prove that the defendant's receipt of the remuneration was one of the reasons that the defendant [decided to prescribe Susbys to his patients.    If you conclude that one of the defendant's reasons for prescribing Subsys to his patients was the remuneration that the defendant received from Insys, then the Government has met its burden as to this element – even if you conclude that he prescribed Subsys for other reasons as well.    Furthermore, the medical necessity (or lack thereof) of prescribing Subsys for any patient is not an element of the offense.    Bribes and kickbacks may violate the statute even if the

prescriptions were medically necessary] [did the act alleged to be in exchange for the remuneration. The defendant may have had lawful reasons to do the act, and the act itself may have been lawful to do. If you conclude that at least one reason the defendant acted was that he had a quid pro quo agreement, that is, an agreement to do the act *because* of the remuneration, then this element is satisfied].

In addition, in order to meet its burden as to the second element, the Government must prove that the item the defendant purchased, leased, ordered, or arranged for or recommended purchasing, leasing, or ordering was an item for which payment may be made, in whole or in part, under a Federal health care program. A federal health care program includes Medicare or Medicaid. Here, there is no dispute between the parties that certain of the Subsys prescriptions written by the defendant were actually paid for by Medicare.

> Adapted from the charge of the Hon. Sandra E. Townes in *United States v. Krikheli*, 08 Cr. 528 (E.D.N.Y.); the charge of the Hon. Ronnie Abrams in *United States v. Luis Omar Vargas*, 18 Cr. 76 (S.D.N.Y.); the charge of the Hon. Joseph N. Laplante in *United States v. Clough*, 17 Cr. 37 (D.N.H.); Sand *et al.*, *Modern Federal Jury Instructions*, 27A-30; *see also United States v. Krikheli*, 461 Appx. 7, 11 (2d Cir. 2012) (summary order) (upholding district court's instructions because they "made clear that the government was required to prove that any payments . . . were made to induce referrals in a *quid pro quo* transaction."); *United States v. Technodyne LLC*, 753 F.3d 368 (2d Cir. 2014) (as to specific intent crimes, "[i]t is well established that a defendant accused of such a crime may properly be convicted if his intent to commit the crime was any of his objectives"); *United States v. Nachamie*, 101 F. Supp. 2d 134, 154-55 (S.D.N.Y. 2000) ("it does not matter whether the tests were medically necessary; a person violates that statute even if he receives a kickback payment for a medically necessary procedure.").

> Adapted from the charges given in by the Hon. Kenneth M. Karas in *United States v. Smith, et al*., 13-CR-297 (KMK) (conviction affirmed in *United States v. Smith, et al*., *sub non United States v. Halloran*, 664 F. App'x 23 (2d Cir. Oct. 20, 2016)) and given by the Hon. Valerie E. Caproni in United States v. Percoco, et al., 16-CR-

776 (VEC) (conviction affirmed in *United States v. Percoco*, 19-CR-1272, (April 15, 2019)).]

---

# REQUEST NO. 8

## Count Two: Violation of the Anti-Kickback Statute

### Third Element – Knowingly and Willfully

The third element that the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

["Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.] [An act is done "knowingly" if it was the product of the defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.]

[To act "willfully" means to act voluntarily and with a wrongful purpose.[4]] [To act "willfully" means to act deliberately and with a purpose of disobeying or disregarding the law. The

---

[4] Adapted from the charge of the Hon. J. Paul Oetken in *United States v. Middendorf*, 18 Cr. 36 (JPO); the charge of the Hon. Jed S. Rakoff in *United States v. Lumiere*, 16 Cr. 483 (JSR) (defining "willfully" to mean "to act voluntarily and with an improper purpose"); *see Screws v. United States*, 325 U.S. 91, 101 (1945) ("[W]hen used in a criminal statute, [willfulness] generally means an act done with a bad purpose."); the charge of the Hon. Edgardo Ramos in *United States v. Evans*, 17 Cr. 684 (ER); *see also* 155 Cong. Rec. S10853 (Oct. 28, 2009) ("Both the anti-kickback statute and the health care fraud statute include the term 'willfully.' In both contexts, the Ninth Circuit Court of Appeals has read the term to require proof that the defendant not only intended to engage in unlawful conduct, but also knew of the particular law in question and intended to violate that particular law. This heightened mental state requirement may be appropriate for criminal violations of hyper-technical regulations, but it is inappropriate for these crimes, which punish simple fraud. The Finance Committee health care reform bill, America's Healthy Future Act, addresses this problem for the anti-kickback statute, but not for the general health care fraud offense. Accordingly, the Health Care Fraud Enforcement Act ... clarifies that "willful conduct" in this context does not require proof that the defendant had actual knowledge of the law in question or specific intent to violate that law."); *United States v. Mittal*, 36 Fed. Appx. 20, 21 (2d Cir. 2002) (summary order) (describing circuit split prior to the enactment of the 2010 amendment to the Anti-Kickback Statute); *United States v. Starks*, 157 F.3d 833, 837–39 (11th Cir.1998) (holding that knowledge of the Anti–Kickback statute was not required); *United States v. Jain*, 93 F.3d 436, 440–41 (8th Cir.1996) (requiring proof that the defendant "knew that his conduct was wrongful, rather than proof that he knew it violated a known legal duty"); *cf. United States v. Stockheimer*, 157 F.3d 1082, 1088 (7th Cir. 1998) ("[A] defendant's belief in the legality of his

<span style="color:red">person need not know the particular law he is violating, as long as that person is aware of the general unlawful nature of the act.] or ["Willfully" means to act purposely, with an intend to do something the law forbids-that is to say, with a bad purpose either to disobey or to disregard the law.]</span>

> Adapted from the charge of the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW); the charge of the Hon. Sandra E. Townes in *United States v. Krikheli*, 08 Cr. 528 (E.D.N.Y.); Sand *et al.*, *Modern Federal Jury Instructions*, 27A-31.
>
> <span style="color:red">Adapted from Adapted from the charge given by the Hon. Joseph F. Bianco in *United States v. Sanchez*, 11 Cr. 639 (JFB).</span>

## REQUEST NO. 9

### Count One: Conspiracy to Violate the Anti-Kickback Statute

### The Indictment and the Statute

I will now turn to Count One, which charges the defendant with participating in a conspiracy to violate the Anti-Kickback Statute, in violation of Title 18, United States Code, Section 371. That statute provides in relevant part:

> If two or more persons conspire . . . to commit any offense against the United States . . . , and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of an offense against the United States].

---

conduct is not a defense to mail or bank fraud."); *United States v. Wicker*, 80 F.3d 263, 267 (8th Cir. 1996) (rejecting challenge to sufficiency of the evidence for mail fraud and noting that "[t]he critical inquiry is not whether [the defendant] intended to break the law, but, rather, whether [he] intended to defraud the [victims]"); *United States v. Hilliard*, 31 F.3d 1509, 1518 (10th Cir. 1994) (rejecting challenge to jury instructions that did not require the jury to find that the defendant acted "with a bad purpose to disobey the law"); *United States v. Kaiser*, 609 F.3d 556, 569 (2d Cir. 2010) (holding that willfulness for purposes of Title 15 securities fraud "do[es] not require a showing that a defendant had awareness of the general unlawfulness of his conduct, but rather, that he had an awareness of the general wrongfulness of his conduct"); *United States v. Tarallo*, 380 F.3d 1174, 1188 (9th Cir. 2004) ("Under our jurisprudence, . . . 'willfully' as it is used in § 78ff(a) means intentionally undertaking an act that one knows to be wrongful; 'willfully' in this context does *not* require that the actor know specifically that the conduct was unlawful.").

As I said, Count One charges a conspiracy to violate the Anti-Kickback Statute. A conspiracy is a kind of criminal partnership – a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. The crime of conspiracy – or unlawful combination or agreement – to receive bribes or kickbacks, as charged in Count One of the Indictment, is an independent offense. That is, a conspiracy is separate and distinct from the actual violation of any specific federal laws. The actual violation of any specific federal laws is referred to as a "substantive crime." Count Two, which I described a few moments ago, is a "substantive crime."

Conspiracy, standing alone, is a separate crime, even if the object of the conspiracy is not achieved. Given that a conspiracy and a substantive crime are distinct and independent offenses, you may find the defendant guilty of the crime of conspiracy even if you find that he never actually committed the substantive crime that was the object or goal, of the conspiracy. By the same token, you may find the defendant guilty of committing the substantive crime with which he is charged, even if you find him not guilty of conspiracy.

Adapted from Sand et al., *Modern Federal Jury Instructions*, 19-1
& 19-2.

## REQUEST NO. 10

## Count One: Conspiracy to Violate the Anti-Kickback Statute

## Elements of the Offense

To sustain its burden of proof with respect to this conspiracy charge, the Government must prove beyond a reasonable doubt each of the following elements:

*First*, that two or more people formed a conspiracy by entering into an unlawful agreement [or understanding] to violate the Anti-Kickback Statute;

26

*Second*, that the defendant knowingly and willfully became a member of the conspiracy; and

[*Third*, that any of the conspirators – not necessarily the defendant, but rather any member of the conspiracy – knowingly committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy.] [Third, that one of the members of the conspiracy knowingly committed at least one overt act, as alleged in the Indictment; and

Fourth, that at least one of the overt acts which you find to have been committed was committed to further some objective of the conspiracy.]

Adapted from the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); Sand *et al., Modern Federal Jury Instructions*, 19-2; the charge of the Hon. Shira A. Scheindlin in *United States v. Preldakaj and Collazo*, 08 Cr. 1054 (SAS) (S.D.N.Y. 2010); *see United States v. Maldonado-Rivera*, 922 F.2d 934, 961-62 (2d Cir. 1990) (quoting district court charge setting forth three elements of conspiracy); *United States v. Ciambrone*, 787 F.2d 799, 810 (2d Cir. 1986) (discussing elements of conspiracy).

Adapted from the charges given in by the Hon. Kenneth M. Karas in *United States v. Smith, et al*., 13-CR-297 (KMK) (conviction affirmed in *United States v. Smith, et al*., *sub non United States v. Halloran*, 664 F. App'x 23 (2d Cir. Oct. 20, 2016)) and given by the Hon. Valerie E. Caproni in United States v. Percoco, et al., 16-CR-776 (VEC) (conviction affirmed in *United States v. Percoco*, 19-CR-1272, (April 15, 2019)).]

**REQUEST NO. 11**

**Count One: Conspiracy to Violate the Anti-Kickback Statute**

**First Element: Existence of the Conspiracy**

The first element that the Government must prove beyond a reasonable doubt is the existence of the conspiracy. Simply defined, a conspiracy is an agreement by two or more persons to violate the law. In this instance, the unlawful purpose alleged to have been the object of the conspiracy charged in Count One is violating the Anti-Kickback Statute through the solicitation or receipt of bribes or kickbacks in return for prescribing Subsys.

[The essence of the crime of conspiracy is the unlawful combination or agreement to violate the law. As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required. The success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator, for a conspiracy is a crime entirely separate and distinct from the substantive crime that may be the goal of the conspiracy.]

To establish the existence of a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth all the details of the plans and the means by which the unlawful object is to be carried out, or the part to be played by each conspirator. Common sense tells you that when people agree to enter into a criminal conspiracy, much may be left to the unexpressed understanding. Since conspiracy, by its very nature, is characterized by secrecy, it is rare that a conspiracy can be proven by direct evidence of

28

an explicit agreement.   Thus, you may, but are not required, to infer the conspiracy's existence from the circumstances of the case and the conduct of the parties involved.

It is sufficient if two or more persons in some way or manner through any contrivance, impliedly or tacitly, come to a common understanding to violate the law.   Express language or specific words are not required to indicate assent or attachment to a conspiracy.

In determining whether there has been an unlawful agreement, you may consider direct as well as circumstantial evidence and you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose.   [The saying "actions speak louder than words" may be applicable here.   Often, the only evidence available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators.   When taken together and considered as a whole, however, such acts may show a conspiracy or agreement as conclusively as would more direct proof.]

Of course, proof concerning the accomplishment of the objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself.   But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In determining whether the conspiracy charged in Count One actually existed, you may consider all the evidence of the acts, conduct, and statements of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

In order to establish the existence of the conspiracy, you must find beyond a reasonable doubt, after considering all of the relevant evidence, that at least two alleged conspirators came to a mutual understanding, [either spoken or unspoken], to violate the law in the manner charged in Count One of the Indictment.

Adapted from Sand et al., *Modern Federal Jury Instructions*, Instrs. 19-3S and 19-4; the charge of the Hon. Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW); the charge of the Hon. Kimba M. Wood in *United States v. Catalano*, 12 Cr. 725 (KMW); the charge of the Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK); the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP). *See also United States v. Cassino*, 467 F.2d 610, 618-19 (2d Cir. 1972); *Radin v. United States*, 189 F. 568, 570 (2d Cir. 1911) ("The agreement was not reduced to writing and signed by the conspirators. It was not proved by direct oral evidence. From the nature of the case such proof was impossible. Conspiracies are not formed in that way. Conspirators do not go out upon the public highways and proclaim their intention. They accomplish their purpose by dark and sinister methods and must be judged by their acts."); *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); *United States v. Montour*, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators. Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal") (citations omitted); *United States v. Rubin*, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

# REQUEST NO. 12

## Count One: Conspiracy to Violate the Anti-Kickback Statute

## First Element (Continued)– Object of The Conspiracy

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve.   In this case, the unlawful object of the conspiracy charged in Count One is the solicitation and receipt of kickbacks or bribes in return for purchasing, leasing, ordering, or arranging for or recommending purchasing, leasing, or ordering an item for which payment may be made in whole or in part under a federal health care program, in violation of the Anti-Kickback Statute.

I have previously instructed you, in describing Count Two, on the elements of solicitation or receipt of kickbacks or bribes in return for prescribing.   You should apply those definitions here in considering whether the government has proved beyond a reasonable doubt that the conspiracy charged in Count One existed.

However, because Count One charges a conspiracy, the Government does not have to prove that anyone actually committed the substantive offense of violating the Anti-Kickback Statute; it must prove only that there was an agreement to do so.   If you find that two or more persons agreed to accomplish the object of the conspiracy charged in the Indictment, the illegal purpose element will be satisfied regardless of whether or not that object was in fact accomplished, that is, regardless of whether the goal succeeded.

Adapted from the charge of the Hon. Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (LAK); Sand et al., *Modern Federal Jury Instructions*, 19-4.

31

## REQUEST NO. 13

## Count One: Conspiracy to Commit Bribery

## Second Element – Membership in the Conspiracy

The second element that the Government must prove beyond a reasonable doubt is that the defendant knowingly and willfully became a member of the conspiracy charged. I have already instructed you on the definitions of "knowingly" and "willfully," and you should apply those definitions here.

[If you are satisfied that the conspiracy charged in the Indictment existed, you must next ask yourselves who the members of that conspiracy were.] In deciding whether the defendant was in fact a member of the conspiracy, you must consider whether the defendant knowingly and willfully joined the conspiracy intending to advance or achieve its goals. Did he participate in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its objective? [The key question, therefore, is whether the Defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.]

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements as well as those of the other alleged co-conspirators and the reasonable inferences which may be drawn from them. A defendant's knowledge is a matter of inference from the facts proved. In that connection I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member of the conspiracy, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all the details or the scope of the conspiracy in order to justify an inference of knowledge on his part. The

defendant must, however, have agreed to participate in the conspiracy charged with knowledge of its object.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of a conspiracy.

If you determine that the defendant became a member of the conspiracy charged in the Indictment, the duration and extent of the defendant's participation has no bearing on the issue of the defendant's guilt. He need not have joined the conspiracy at the outset. He may have joined it at any time—at the beginning, in the middle, or towards the end.

However, I want to caution you that a person's mere association with a member of the conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is occurring. [A person may know, or be friendly with, a criminal without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy. I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law]. In other words, knowledge of a conspiracy, without agreement to participate in it, is not sufficient.

What is necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purpose, and with an intent to aid in the accomplishment of its unlawful purpose.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking.   The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

[A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.   So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.]

Adapted from the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); the charge of the Hon. J. Paul Oetken in *United States v. Middendorf*, 18 Cr. 36 (JPO).

Adapted from the charges given in by the Hon. Kenneth M. Karas in *United States v. Smith, et al*., 13-CR-297 (KMK) (conviction affirmed in *United States v. Smith, et al*., *sub non United States v. Halloran*, 664 F. App'x 23 (2d Cir. Oct. 20, 2016)) and given by the Hon. Valerie E. Caproni in United States v. Percoco, et al., 16-CR-776 (VEC) (conviction affirmed in *United States v. Percoco*, 19-CR-1272, (April 15, 2019)).]

## REQUEST NO. 14

## Count One: Conspiracy to Violate the Anti-Kickback Statute

## Third Element: Overt Act

The third element is the requirement of an overt act. To sustain its burden of proof with respect to the conspiracy charged in Count One of the Indictment, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of that conspiracy by at least one of the co-conspirators—not necessarily the defendant.

An overt act is any act intended to help achieve the object of the conspiracy. An overt act need not be a criminal act, but it must contribute to the goals of the conspiracy.

Count One of the Indictment contains a section entitled "overt acts." These "overt acts" are examples of conduct alleged to have been undertaken by members of the conspiracy to promote the illegal objectives of the conspiracy. The overt acts alleged are as follows:

[The Court is respectfully requested to read the "overt acts" section of Count One of the Indictment.]

[You may find that overt acts were committed that are not alleged in the Indictment. The only requirement is that one of the members of the conspiracy—again, not necessarily the defendant—has taken some step or action in furtherance of the conspiracy during the life of that conspiracy.

In other words, the overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage. The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators in order to further that conspiracy.]

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove [any or] all of the overt acts alleged in the Indictment.   Nor do you need to find that the defendant himself committed any of the overt acts alleged.   It is sufficient for the Government to show that one of the alleged co-conspirators knowingly committed some overt act in furtherance of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the times alleged in the Indictment.   It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence.   [The defendant objects generally to liability for acts of which the defendant did not have knowledge and happened prior to entry into a conspiracy, as logically that cannot be "reasonably foreseen".]

In that regard, you should bear in mind that you need not reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to be unanimous that at least one overt act was so committed.

[You must also be unanimous that the agreement was formed or that an overt act was committed in the Southern District of New York, which includes the counties of New York, Westchester, Rockland, Bronx, Putnam, Orange, Dutchess, and Sullivan. New York County is the county in which Manhattan is located.]

You should also bear in mind that the overt act, standing alone, may be an innocent, lawful act.   An apparently innocent act may shed its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme.   You are therefore instructed that the overt act does not have to be an act that in and of itself is criminal or constitutes an objective of the conspiracy.   [It must be *in furtherance of* the conspiracy.]

36

Adapted from the charge of the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (S.D.N.Y. 2008); the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); and Sand et al., *Modern Federal Jury Instructions*, 19-7-8; *see United States v. Kozeny*, 667 F.3d 122, 131-32 (2d Cir. 2011) ("the jury need not agree on a single overt act to sustain a conspiracy conviction"; "[T]he government may plead one set of overt acts in the indictment and prove a different set of overt acts at trial without prejudice to the defendant. We conclude, therefore, that although proof of at least one overt act is necessary to prove an element of the crime, which overt act among multiple such acts supports proof of a conspiracy conviction is a brute fact and not itself element of the crime. The jury need not reach unanimous agreement on which particular overt act was committed in furtherance of the conspiracy." (citation omitted)).

Adapted from the charges given in by the Hon. Kenneth M. Karas in *United States v. Smith, et al*., 13-CR-297 (KMK) (conviction affirmed in *United States v. Smith, et al*., *sub non United States v. Halloran*, 664 F. App'x 23 (2d Cir. Oct. 20, 2016)) and given by the Hon. Valerie E. Caproni in United States v. Percoco, et al., 16-CR-776 (VEC) (conviction affirmed in *United States v. Percoco*, 19-CR-1272, (April 15, 2019)).]

**REQUEST NO. 15**

**Count One: Conspiracy to Violate the Anti-Kickback Statute**

**Time of Conspiracy**

The Indictment alleges that the conspiracy charged in Count One existed from at least in or about August 2012, up to and including about March 2016. It is not essential that the government prove that the conspiracy alleged started and ended within this specific time period. However, it is required that you find that a conspiracy was formed and that it existed for some time within the period set forth in the Indictment.

> Adapted from the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); Sand et al., *Modern Federal Jury Instructions*, Instr. 3-12.

---

## REQUEST NO. 16

## Count Three: Honest Services Wire Fraud Conspiracy

## Overview of Honest Services Wire Fraud

Count Three charges the defendant with conspiring to commit the crime of honest services wire fraud. Specifically, Count Three alleges that the defendant, by prescribing Subsys in return for bribes or kickbacks, conspired to deprive his patients of the intangible right to their doctor's honest services.

I will explain to you in detail the law relating to honest services wire fraud in a moment, but I want to provide you now a brief explanation of the term "honest services" and how a patient can be deprived of his or her doctor's honest services. When a doctor takes an action with respect to his patient at least in part because of a corrupt purpose, that doctor has breached his duty to his patient. Thus, the patient is not receiving what he or she expects and is entitled to, namely, the patient's right to his or her doctor's honest and faithful services. I will discuss this concept in more detail in a few minutes.

> Adapted from the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); the charge of the Hon. Edgardo Ramos in *United States v. Evans*, 17 Cr. 684 (ER).

## REQUEST NO. 17

### Count Three: Conspiracy to Commit Honest Services Wire Fraud

In Count Three, the defendant is charged with conspiracy to commit honest services wire fraud.

In order to sustain its burden of proof with respect to the conspiracy charged in Count Three, the Government must prove beyond a reasonable doubt the following two elements:

*First*, it must prove the existence of the conspiracy charged in Count Three of the Indictment; that is, an agreement or understanding to commit honest services wire fraud; and

*Second*, that the defendant knowingly and willfully became a member of, and joined in, the conspiracy.

[*Third*, that at least one overt act was knowingly committed by at least one of the conspirators, at or about the time and place alleged.]

I already explained the meaning of each of these two elements to you in instructing you as to Count One, which charges conspiracy to violate the Anti-Kickback Statute. You will apply those instructions with respect to Count Three.

[Unlike with respect to Count One, which charges conspiracy to violate the Anti-Kickback Statute, with respect to Count Three, which charges conspiracy to commit honest services wire fraud, the Government is not required to prove that an overt act was committed in furtherance of the conspiracy.[5]]

The conspiracy charged in Count Three allegedly had one object—that is, to commit honest services wire fraud. I will now explain to you the elements of the offense of

---

5  *See United States v. Roy*, 783 F.3d 418, 419-21 (2d Cir. 2015) (no overt act requirement for wire fraud conspiracy).

honest services wire fraud. However, because Count Three charges a conspiracy, the Government does not need to prove that anyone committed the substantive crime of honest services wire fraud. It need prove beyond a reasonable doubt only that there was an agreement to do so.

> Adapted from the charge of the Hon. Edgardo Ramos in *United States v. Evans*, 17 Cr. 684 (ER).

———————————————

## REQUEST NO. 18

## Counts Three : Honest Services Wire Fraud Conspiracy

### Object of the Conspiracy

Because Count Three of the Indictment charges a conspiracy to commit honest services wire fraud, I must instruct you on the elements of the substantive crime that is the object of the alleged conspiracy.   In order to sustain the charge that a defendant conspired to commit honest services wire fraud, the government must prove beyond a reasonable doubt that the purpose of the conspiracy was to commit a crime that contained each of the following elements:

*First*, that there was a scheme or artifice to deprive one or more of the defendant's patients of their intangible right to the defendant's honest services through bribery or kickbacks;

*Second*, that the defendant knowingly and willfully participated in the scheme or artifice, with knowledge of its fraudulent nature and with specific intent to defraud;

*Third*, that the scheme or artifice to defraud involved a misrepresentation, omission, false statement, false pretense, or concealment of a fact or facts that were material to the defendant's patients;-and

*Fourth*, that in execution of that scheme, the defendant used, or caused the use by others of, interstate or foreign wires.

I will now describe for you in more detail the meaning of each of these elements.

Adapted from the charge of the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW); Hon. Alvin K. Hellerstein in *United States v. Seabrook et al.*, 16 Cr. 467 (AKH) (S.D.N.Y. 2017); Sand, *Modern Federal Jury Instructions*, Instr. 44-3.

## REQUEST NO. 19

## Count Three: Honest Services Wire Fraud Conspiracy

## Object of the Conspiracy (First Element) - A Scheme to Defraud

The first element of honest services wire fraud is the existence of a scheme or artifice to defraud the defendant's patients by depriving them of their intangible right to the honest services of their doctor, the defendant, through bribery or kickbacks. A doctor owes a fiduciary duty of honest and faithful services to his patients.[6] A doctor has a duty to act for the benefit of

---

[6] *United States v. Nayak*, 769 F.3d 978, 984 (7th Cir. 2014) ("[T]he intangible harm from a fraud can often be quite substantial, especially in the context of the doctor-patient relationship, where patients depend on their doctor – more or less completely – to provide them with honest medical services in their best interest."); *Thomas v. UBS AG*, 706 F.3d 846, 853 (7th Cir. 2013) (physician owes "fiduciary obligation" to patient that "arises from a gross disparity in knowledge"); *United States v. Greenspan*, No. 16 Cr. 114 (WHW), 2016 WL 4402822, at *15-16 (D.N.J. Aug. 16, 2016) (rejecting defendant's argument that "medical doctors have no clearly defined duty of honest services to their patients within the meaning of the federal honest services fraud statute"); *United States v. Scanlon*, 753 F. Supp. 2d 23, 25–26 (D.D.C. 2010) (noting that while pre-*McNally* cases typically involved public official-public, employee-employer, and union official-union member relationships, "this does not mean that these examples represent an exhaustive list of the fiduciary relationships that can support an honest-services fraud prosecution, to the exclusion of other fiduciary relationships such as . . . doctor-patient. . . .") (citing *Rybicki*, 354 F.3d 142 n. 17; *aff'd*, 666 F.3d 796 (D.C. Cir. 2012); *United States v. Neufeld*, 908 F. Supp. 491, 500 (S.D. Ohio 1995) (rejecting defendant physician's argument that honest services fraud counts "must be dismissed because there was no fiduciary relationship between [the doctor] and any of the ostensible victims" since "there certainly are elements of a fiduciary relationship between [the doctor] and his patients." (citing *United States v. Willis*, 737 F.Supp. 269, 271 (S.D.N.Y.1990) ("It is difficult to imagine a relationship that requires a higher degree of trust and confidence than the traditional relationship of physician and patient.))); *United States v. Morris*, 2004 WL 1242736, at *1 (S.D.W.V. June 4, 2004) ("A fiduciary relationship exists between a physician and his patients based on the special knowledge a physician has concerning diagnosis and treatment, and thus, a fiduciary relationship exists between Dr. Morris and the Second Known Person.") *cf. World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*, 530 F. Supp. 2d 486, 503 (S.D.N.Y. 2007) ("Attorney/client or doctor/patient relationships are sufficiently rooted in trust and confidence to trigger super-contractual fiduciary duties.") (quotations and citations omitted); *United States v. Ntshona*, 156 F.3d 318, 321 (2d Cir. 1998) ("We adopt the view of the other circuits presented with this issue and hold that a doctor convicted of using her position to commit Medicare fraud is involved in a fiduciary relationship with her patients and the government and hence is subject to

his patients.    When the government proves beyond a reasonable doubt that a doctor has obtained a corrupt payment for himself or herself in exchange for taking actions in connection with the care of his or her patients, the doctor has breached his or her duty of honest and faithful services to his or her patients.    This is so because the patient is not receiving what he or she expects and is entitled to, namely, the honest and faithful services of his or her doctor.

A "scheme or artifice" is a plan for the accomplishment of an object.

"Fraud" is a general term that embraces all the various means that human ingenuity can devise and that are resorted to by an individual to gain an advantage over another by false representations, suggestions or suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" in this context is a plan to deprive the defendant's patients of their right to the defendant's honest services through bribery or kickbacks.

[The scheme to defraud is alleged to have been carried out by making false and fraudulent statements, representations, or omissions.]

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.    A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements of half-truths or the concealment of facts, and the expression of an opinion not honestly entertained, may also constitute false or fraudulent statements.

The deception need not be premised upon spoken or written words alone.    The arrangement of words, or the circumstances in which they are used, may convey the false and deceptive appearance.    If there is deception, the manner in which it is accomplished is immaterial.

_____

an enhancement under [USSG] § 3B1.3."); 61 AM.JUR.2D PHYSICIANS, SURGEONS, ETC. §142 ("the physician-patient relationship is a fiduciary one, based on trust and confidence, and obligating the physician to exercise good faith").

It does not matter whether any of the defendant's patients might have discovered the fraud had they probed it further, or whether any of the patients did discover the fraud. If you find that a scheme or artifice existed, it is irrelevant whether you believe that any individual patient was careless, gullible, or even negligent.

To prove that the defendant has committed the particular scheme to defraud charged here—that is, honest service wire fraud—the government must show that the defendant solicited or received a corrupt payment or payments—that is, a bribe or kickback—in a quid pro quo. Quid pro quo is Latin, and it means "this for that" or "these for those." In this context, bribes and kickbacks include a doctor's solicitation or receipt of a thing of value in exchange for taking or promising to take an act in the course of his duties as a physician in violation of his fiduciary duty to his patients.

The Government is not required to show that the defendant performed, or promised to perform, an act solely because of the thing of value that he received. All that is required is that the defendant performed, or promised to perform, the act in question at least in part because of the thing of value he received.

Furthermore, it is not necessary that the Government prove that the defendant actually caused or intended to cause any tangible harm to his patients.[7] [While i][I]t is not a

---

[7] *United States v. Nayak,* 769 F.3d 978, 981-82, 984 (7th Cir. 2014) (rejecting defendant's argument that the government must show "some form of actual or intended harm to the referring physicians' patients as an element of the crime" and concluding that "no showing of tangible harm to a victim is necessary" under the honest services fraud statute because "the intangible harm from a fraud can often be quite substantial, especially in the context of the doctor-patient relationship, where patients depend on their doctor—more or less completely—to provide them with honest medical services in their best interest"); *United States v. Rybicki,* 354 F.3d 124, 145 (2d Cir. 2003) (en banc) ("actual or intended economic or pecuniary harm to the victim need not be established" in an honest services fraud prosecution; "the only intent that need be proven in an honest services fraud is the intent to deprive another of the intangible right of honest services."); *United States v.*

defense if the defendant would have lawfully performed the action in question even without having accepted a thing of value[, it is relevant to the question of whether the remuneration received was corrupt if the doctor would have performed the action without the remuneration, or whether the doctor believed that the act was in the best interest of his client, then that fact may be considered by you in deciding whether the receipt of such remuneration was for a corrupt purpose].[8]  [Rather, the only intended] [The] loss the Government must prove is the patients' loss of their intangible right to their doctor's honest services.  [In other words, it is not a defense that the offer or promise of anything of value was made to the defendant in exchange for actions that were lawful, desirable, or even beneficial to the defendant's patients.[9]]  Accordingly, whether the defendant's

---

*Tanner*, No. 17 Cr. 61 (LAP), 2018 WL 1737235, at *6 (S.D.N.Y. Feb. 23, 2018) ("The Court agrees with the Government that after *Skilling*, Section 1346 requires a Defendant to act in exchange for a bribe or kickback, but whether such actions benefited or harmed the employer who enjoyed a right to the honest services of its employee, is irrelevant." (citing *Nayak*, 769 F.3d at 981-82)); *United States v. Napout*, 332 F. Supp. 3d 533, 550 (E.D.N.Y. 2018) ("The flaw in Napout's argument, however, is that the crime of honest services fraud does not require a showing of pecuniary harm to the victim.   Indeed, as the Second Circuit stated in *Rybicki*, "'actual or intended economic or pecuniary harm to the victim need not be established' to prove a crime of honest services fraud." (quoting *Rybicki*, 354 F.3d at 145)); *United States v. Yaron*, No. S2-10-CR-363 GBD, 2011 WL 3279054, at *4 (S.D.N.Y. July 28, 2011) ("As Defendants concede, the Second Circuit has expressly held under Section 1346, 'actual or intended economic or pecuniary harm to the victim need not be established.'" (quoting *Rybicki,* 354 F.3d at 145).

[8]  *United States v. Silver*, 184 F. Supp. 3d 33, 43 (S.D.N.Y. 2016), *aff'd in relevant part*, 864 F.3d 102 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 738 (2018) ("[A] quid pro quo is illegal even if the public official would have taken the same official action without the bribe or even if the public official did not take an official act, so long as the [defendant] intended [the unlawful result]."); *United States v. Quinn*, 359 F.3d 666 (4th Cir. 2004) ("It does not matter whether the government official would have to change his or her conduct to satisfy the payor's expectations.").

[9]  *See also United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993) (a valid purpose that partially motivates a transaction that is corrupt in part does not insulate participants in an unlawful transaction from criminal liability; *cert. denied*, 510 U.S. 595 (1994); *see also United States v. Woodward*, 149 F.3d 46, 71 (1st Cir. 1998), *cert. denied*, 525 U.S. 1138 (1999) ("[a] defendant may be prosecuted for deprivation of honest services if he has a dual intent, *i.e.*, if he is found to have intended both a lawful and unlawful purpose to some degree.   If the jury finds that an unlawful purpose was present, it may convict the defendant.") (citing *United States v. Greber*, 760

prescribing of Subsys to his patients constituted proper medical care is not, in and of itself, a defense to the charged offense.   The offense of honest services fraud is [not] concerned with the [wisdom or results of the actions taken by the doctor, but rather with] the manner in which the doctor decides to take those action[s and the reasons for such decisions are relevant to your determination].

With respect to the honest services fraud count, a bribe is defined as anything of value which is provided directly or indirectly in exchange for a doctor taking action in violation of a fiduciary duty owed by the doctor to his patients, whether or not the doctor actually accepts the thing of value or ultimately performs the action sought.   [Here, the Government alleges that Insys provided the defendant with a thing of value in exchange for the defendant prescribing Subsys to his patients.]   A kickback is defined as anything of value which is provided directly or indirectly in exchange for a doctor already having taken action in violation of a fiduciary duty owed by the doctor to his patients.

The improper benefit may consist of money or other financial benefits, whether given on a one-time basis or as a stream of payments to the defendant.[10]   The specific transactions comprising the illegal scheme need not match up precisely "this for that."

---

F.2d 68, 72 (3d Cir. 1985), *cert. denied*, 474 U.S. 988 (1985)); *cf. United States v. Alfisi*, 308 F.3d 144, 151 (2d Cir. 2003)(a public official acts "corruptly" even where the official's actions were legally correct and benefitted the public); *City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 378 (1991) ("A mayor is guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid.")

[10]   *See United States v. Ganim*, 510 F.3d 134, 148 (2d Cir. 2007) (*quid pro quo* may be established through an ongoing course of conduct — "'this for these' or 'these for these,' not just 'this for that'") (quoting *United States v. Jennings*, 160 F.3d 1006, 1014 (4th Cir. 1998)).   *See also United States v. Rosen*, 716 F.3d 691, 700 (2d Cir. 2013); *Skilling v. United States*, 130 S. Ct. 2896, 2934 (2010) (citing with approval *United States v. Kemp*, 500 F.3d 257, 281-86 (3d Cir. 2007) and *United States v. Whitfield*, 590 F.3d 325, 352-53 (5th Cir. 2009)).

If you find beyond a reasonable doubt that the defendant violated his duty to provide honest services by soliciting or receiving corrupt payments, as defined here, alone or with the help of others, then you may find this element satisfied.   [If you do not find that that the defendant solicited or received corrupt payments as defined here, then must find this element unsatisfied.]

> Adapted from the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); the charge of the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW); Sand et al., *Modern Federal Jury Instructions*, Instr. 44-4.

**REQUEST NO. 20**

**Count Three: Honest Services Wire Fraud Conspiracy**

**Object of the Conspiracy (Second Element) – Participation in Scheme with Intent to Defraud**

The second element of honest services wire fraud—the offense that is the object of the alleged conspiracy—is that the defendant participated in the scheme to defraud knowingly, willfully, and with specific intent to defraud.

To participate in a scheme means to engage in it, by taking some affirmative step to help it succeed. It is not necessary for the Government to establish that the defendant originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if someone else originated it, and that the defendant, while aware of the scheme's existence, knowingly and willfully participated in it with intent to defraud. Nor is it required that the defendant participated in or had knowledge of all of the operations of the scheme. The responsibility of the defendant is not governed by the extent of his participation. For example, it is not necessary that the defendant have participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's unlawful purpose, although not necessarily all of its details, and who intentionally acts in a way to further the unlawful goals, becomes a participant in the scheme and is legally responsible for all that may [have been done in the past in furtherance of the criminal objective and all that is] [be] done subsequently [if those acts are reasonably foreseeable to the defendant]. Even if the defendant participated in the scheme to a lesser degree than others, he nevertheless is equally guilty as long as he knowingly

and willfully participated in the scheme to defraud with knowledge of its unlawful purpose and with specific intent to defraud.[11]

      As I stated when I reviewed the elements of Count Two, "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. [To act "willfully" means to act voluntarily and with a wrongful purpose.][12] [To act "willfully" means to act deliberately and with a purpose of disobeying or disregarding the law. The person need not know

---

[11] Adapted from the charge of the Hon. Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (LAK); the charge of the Hon. J. Paul Oetken in *United States v. Middendorf*, 18 Cr. 36 (JPO).

[12] Adapted from the charge of the Hon. J. Paul Oetken in *United States v. Middendorf*, 18 Cr. 36 (JPO); the charge of the Hon. Jed S. Rakoff in *United States v. Lumiere*, 16 Cr. 483 (JSR) (defining "willfully" to mean "to act voluntarily and with an improper purpose"); the charge of the Hon. Edgardo Ramos in *United States v. Evans*, 17 Cr. 684 (ER); *Screws v. United States*, 325 U.S. 91, 101 (1945) ("[W]hen used in a criminal statute, [willfulness] generally means an act done with a bad purpose."); *see also United States v. Stockheimer*, 157 F.3d 1082, 1088 (7th Cir. 1998) ("[A] defendant's belief in the legality of his conduct is not a defense to mail or bank fraud."); *United States v. Paradies*, 98 F.3d 1266, 1285 (11th Cir. 1996) ("In mail fraud cases, the government need only prove that the defendant had the intent to deceive, and ignorance of the law is no defense."); *United States v. Wicker*, 80 F.3d 263, 267 (8th Cir. 1996) (rejecting challenge to sufficiency of the evidence for mail fraud and noting that "[t]he critical inquiry is not whether [the defendant] intended to break the law, but, rather, whether [he] intended to defraud the [victims]"); *United States v. Hilliard*, 31 F.3d 1509, 1518 (10th Cir. 1994) (rejecting challenge to jury instructions that did not require the jury to find that the defendant acted "with a bad purpose to disobey the law"); *cf. United States v. Kaiser*, 609 F.3d 556, 569 (2d Cir. 2010) (holding that willfulness for purposes of Title 15 securities fraud "do[es] not require a showing that a defendant had awareness of the general unlawfulness of his conduct, but rather, that he had an awareness of the general wrongfulness of his conduct"); *United States v. Tarallo*, 380 F.3d 1174, 1188 (9th Cir. 2004) ("Under our jurisprudence, . . . 'willfully' as it is used in § 78ff(a) means intentionally undertaking an act that one knows to be wrong; 'willfully' in this context does *not* require that the actor know specifically that the conduct was unlawful."); *United States v. Gabriel*, 125 F.3d 89, 99-102 (2d Cir. 1997) (interpreting 18 U.S.C. § 2 and holding that the term "willfully" does not require the government to prove that the defendant knew his conduct was unlawful, but simply means that the defendant "intentionally causes another to commit the requisite act"); *see also* the charge of the Hon. Vincent L. Briccetti in *United States v. Lowe*, 13 Cr. 985 (VLB) ("An act is done knowingly and willfully if it is done deliberately and purposefully; that is, the Defendant's actions must have been his… conscious objective rather than the product of a mistake or accident or mere negligence or some other reason.").

the particular law he is violating, as long as that person is aware of the general unlawful nature of the act.] or ["Willfully" means to act purposely, with an intend to do something the law forbids- that is to say, with a bad purpose either to disobey or to disregard the law.]

Specific intent to defraud means to act knowingly, willfully, and with the specific intent to deceive for the purpose of depriving the patient of the intangible right to his or her doctor's honest services.[13] The government need not prove that the intent to defraud was the only intent of the defendant. A defendant may have the required intent to defraud even if the defendant was motivated by other lawful purposes as well.[14]

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine like any other fact question. This question involves one's state of mind. Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent, and direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, conduct, and acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them. Circumstantial evidence, if believed, is of no less value

---

[13] Adapted from the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP)

[14] Adapted from the charge of the Hon. Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (LAK); the charge of the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW); *see also United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993) (a valid purpose that partially motivates a transaction that is corrupt in part "does not insulate participants in an unlawful transaction from criminal liability"); *United States v. Technodyne LLC*, 753 F.3d 368 (2d Cir. 2014) (as to specific intent crimes, "[i]t is well established that a defendant accused of such a crime may properly be convicted if his intent to commit the crime was any of his objectives").

than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

[As I previously explained, when a doctor takes an action on behalf of a person or entity at least in part because of a corrupt payment, the doctor has breached his duty to provide honest and faithful services to his patient. Thus, the patient is not receiving what he or she expects and is entitled to, namely his or her right to his or her doctor's honest and faithful services.]

Adapted from the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); the charge of the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW); Sand, *Modern Federal Jury Instructions*, Instr. 44-5.

## REQUEST NO. 21

### Count Three: Honest Services Wire Fraud Conspiracy

### Object of the Conspiracy (Third Element) – Materiality

The third element of honest services wire fraud is that the scheme or artifice to defraud involved a misrepresentation, false statement, false pretense, or omission that is material.

[Under the wire-fraud statute and the honest-services-fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.]

A representation, statement, false pretense, omission, or concealment of fact is "material" if it would naturally tend to lead or is capable of influencing a decision or action of a patient of a doctor.

[This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts.]

> Adapted from the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); the charge of the Hon. Alvin K. Hellerstein in *United States v. Seabrook*, 16 Cr. 467 (AKH); Sand, *Modern Federal Jury Instructions*, Instr. 44-5; the charge of the Hon. Allison Burroughs in *United States v. Kapoor et al.*, 16 Cr. 10343 (D. Mass.) (describing materiality in context of honest services fraud RICO predicate alleging breach of doctors' duties to their patients); *see United States v. Rybicki,* 354 F.3d 124, 145 (2d Cir. 2003) (en banc) ("the misrepresentation or omission at issue for

an honest services fraud conviction must be 'material,' such that the misinformation or omission would naturally tend to lead or is capable of leading a reasonable employer to change its conduct.").

Adapted from the charges given in by the Hon. Kenneth M. Karas in *United States v. Smith, et al*., 13-CR-297 (KMK) (conviction affirmed in *United States v. Smith, et al*., *sub non United States v. Halloran*, 664 F. App'x 23 (2d Cir. Oct. 20, 2016)) and given by the Hon. Valerie E. Caproni in United States v. Percoco, et al., 16-CR-776 (VEC) (conviction affirmed in *United States v. Percoco*, 19-CR-1272, (April 15, 2019)).]

# REQUEST NO. 22

## Counts Three: Honest Services Wire Fraud Conspiracy

## Object of the Conspiracy (Fourth Element) – Use of Interstate or Foreign Wires

The fourth and final element of honest services wire fraud is the use of an interstate or foreign wire communication in furtherance of the scheme.

I instruct you that the term "wires" includes telephones, text messages, faxes, e-mail, instant messages, and wire transfers between financial institutions. The "interstate" requirement means that the wire communication must pass between two or more states as, for example, a transmission of computer or telephonic signals between New York and another state. The use of the wire need not itself be a fraudulent representation. It must, however, further or assist in some way in carrying out the scheme to defraud.

It is not necessary for the defendant to have been directly or personally involved in a wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others. This does not mean that the defendant must specifically have authorized others to make the communication. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business, or where such use of the wires reasonably can be foreseen, even though not actually intended, then he causes the wires to be used.

Finally, if you find that a wire communication was reasonably foreseeable and that the interstate wire communication charged in the indictment took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state lines.

> Adapted from the charge of the Hon. Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (LAK); the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); the charge of the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW); the charge of the Hon. J. Paul Oetken in *United States v. Middendorf*, 18 Cr. 36 (JPO); Sand *et al.*, *Modern Federal Jury Instructions*, 44-7.

# REQUEST NO. 23

## Liability for Acts and Declarations of Co-Conspirators

### [*If applicable*]

With respect to the conspiracies charged in Counts One and Three of the Indictment, you will recall that I have admitted at this trial evidence of the acts and statements of other individuals who were not present because such acts were committed and such statements were made by a person who, the Government claims, was also a confederate or co-conspirator of the defendant.

The reason for allowing this evidence to be received against the defendant has to do in part with the nature of the crime of conspiracy. As I have said, a conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant was a member of either the conspiracy charged in Count One or Count Three of the Indictment, then, any acts done or statements made in furtherance of that conspiracy by persons also found by you to have been members of that conspiracy, may be considered against the defendant. This is so even if such acts were done and statements were made in that defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

[The defendant intends to state his position with regard to this proposed instruction if and when it becomes relevant at trial.]

Adapted from the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); the charge of the Hon. George B. Daniels in *United States v. Mazer*, 11 Cr. 121 (GBD); the charge of the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW); Sand, *Modern Federal Jury Instructions*, Instr. 19-9.

## REQUEST NO. 24

## Conscious Avoidance

*[If applicable]*

During my instructions on the law, I have charged you at various points that the Government must prove that the defendant acted knowingly. In determining whether the defendant acted knowingly, you may consider whether he deliberately closed his eyes to what otherwise would have been obvious.

As you all know, if a person is actually aware of a fact then he knows that fact. But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact, but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law. And a person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he deliberately avoided learning explicitly what was obvious anyway, he did not know the incriminating fact.

Accordingly, if you find that the defendant was aware of a high probability that a payment constituted a bribe or kickback, and that the defendant acted with deliberate disregard of the facts, you may find that that the defendant acted knowingly. However, if you find that the defendant actually believed that the payment was not a bribe or kickback, then guilty knowledge may not be inferred.

Let me explain further what the concept of willful blindness or conscious avoidance means with respect to the conspiracy charges contained in Counts One and Three.

First, there is a difference between knowingly participating in a joint undertaking and knowing the object of that undertaking. "Conscious avoidance," as I have described it, cannot be used as a substitute for finding that a defendant knowingly agreed to a joint undertaking or knowingly attempted to commit a crime.

For example, it is logically impossible for the defendant to agree to join another person unless he knows that he has made such an agreement. However, if you find beyond a reasonable doubt that the defendant entered into such an agreement, in considering whether the defendant knew what the specific objective of the conspiracy was, you may consider whether he deliberately avoided confirming otherwise obvious facts, that is, whether he deliberately closed his eyes to what otherwise would have been obvious.

However, you must remember that guilty knowledge may not be established by demonstrating that the defendant was merely negligent, reckless, foolish or mistaken. It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

[The defendant intends to state his position with regard to this proposed instruction if and when it becomes relevant at trial.]

Adapted from the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP). *See United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted) ("A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact."). The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief'

language be incorporated into every conscious avoidance charge." *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) ("[K]nowledge of the existence of a particular fact is established (1)  if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").

## REQUEST NO. 25

## Venue

In addition to proving the essential elements of each crime beyond a reasonable doubt, the Government must also establish what is called "venue"—that is, that some act pertaining to the charge occurred in the Southern District of New York. The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties. The Government does not have to prove that the complete crime was committed within the Southern District of New York or that the defendant was ever in the Southern District of New York.

Venue must be examined separately for each count in the Indictment. Venue on one count does not establish venue on another count, although, if applicable, you may rely on the same evidence to establish venue on multiple counts.

With respect to the conspiracy offenses charged in Counts One and Three, it is sufficient to establish venue if the Government proves that any act in furtherance of the conspiracy charged occurred in the Southern District of New York. The act itself need not be a criminal act; it could include, for example, a meeting with others involved in the criminal scheme within this District. The act need not be taken by the defendant or a conspirator, as long as the act was caused by the conduct of the defendant or a coconspirator or was reasonably foreseeable.

With respect to the substantive offense charged in Count Two, it is sufficient to establish venue if the Government proves any act in furtherance of the crime occurred within this district.

Unlike the elements of the offenses that I have just discussed at length, each of which must be proved beyond a reasonable doubt, the Government is required to prove venue only by a preponderance of the evidence. A preponderance of the evidence means the greater weight of the evidence. To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. If you find that the Government failed to prove venue by a preponderance of the evidence as to any count, you must return a verdict of not guilty as to that count.

Adapted from the charge of the Hon. Valerie E. Caproni in *United States v. Kaloyeros*, 16 Cr. 776 (VEC); the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP).

## REQUEST NO. 26

## Dual Intent No Defense

During this trial, the defendant has contended that his actions were motivated by considerations that were not unlawful. However, even if true, it is not a defense to any count that the defendant may have been motivated by both proper and improper motives. The defendant may be found to have the requisite intent even if you find that he possessed a dual intent—that is, an unlawful intent and also partly a proper or neutral intent.

[The defendant intends to state his position with regard to this proposed instruction if and when it becomes relevant at trial.]

> Adapted from the charge of the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317; the charge of the Hon. Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (LAK); see *also United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993) (a valid purpose that partially motivates a transaction that is corrupt in part "does not insulate participants in an unlawful transaction from criminal liability"); *United States v. Technodyne LLC*, 753 F.3d 368 (2d Cir. 2014) (as to specific intent crimes, "[i]t is well established that a defendant accused of such a crime may properly be convicted if his intent to commit the crime was any of his objectives").

## REQUEST NO. 27

## Motive

Proof of motive is not a necessary element of any of the crimes with which the defendant is charged. Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty. If the guilt of the defendant is shown beyond a reasonable doubt, it is immaterial what the defendant's motive for the crime or crimes may be, or whether the defendant's motive was shown at all. The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendant.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 6-18;
the charge of the Hon. Deborah A. Batts in *United States v. Gupta*,
07 Cr. 177.

# REQUEST NO. 28

## Variance in Dates and Amounts

You will note that the Indictment alleges that certain acts occurred on or about various dates, or that a certain amount of money was involved.   It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date or that the amount of money involved was different.   The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence, or between the amounts alleged in the Indictment and the amounts established by the evidence.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 3-12 and 3-13.

─────────────────────

## REQUEST NO. 29

## Law Enforcement or Government Witnesses

**[*If Applicable*]**

You have heard the testimony of law enforcement or other Government witnesses. The fact that a witness may be employed as a law enforcement official or Government employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of any other witness. At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

[The defendant intends to state his position with regard to this proposed instruction if and when it becomes relevant at trial.]

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 7-16; the charge of the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317; and the charge of the Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK).

## REQUEST NO. 30

## Accomplice Testimony

[You have heard witnesses who testified that they were actually involved in planning and carrying out the crimes charged in the indictment. There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others. For those very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

You should ask yourselves whether these so-called accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interest would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth? Did this motivation color his testimony?

68

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witnesses.

[You have heard testimony from certain government witnesses who testified that they were actually involved in planning and carrying out certain of the crimes charged in the Indictment.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who participated in the criminal activity about which they testified in a trial. For those very reasons, the law allows the use of the testimony of cooperating or accomplice witnesses. In fact, in federal courts, the law is that the testimony of a cooperating or accomplice witness in itself may be enough for conviction if the jury believes it proves guilt beyond a reasonable doubt.

Accordingly, the testimony of these accomplice or cooperating witnesses was properly before you. The government argues, as it is entitled to do, that if such testimony could not be used, there would be many cases in which there was real guilt, but convictions could not be obtained. However, the testimony of cooperating or accomplice witnesses should be scrutinized with special care because such witnesses may believe that it is in their interest to give testimony favorable to the Government, and the fact that a witness is an accomplice can be considered by you in evaluating his credibility. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he or she is incapable of giving you a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given the weight it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of the witness's recollection, his or her background, and the extent to which the accomplice witness's testimony is or is not

corroborated by other evidence in the case.    You may consider whether an accomplice witness—like any other witness called in this case—has an interest in the outcome of the case, and if so, whether it has affected his or her testimony.

You have also heard testimony about various agreements between the government and the accomplice witnesses.    I must caution you that it is no concern of yours why the government made an agreement with a particular witness.    Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of these witnesses, you should ask yourselves whether these witnesses would benefit more by lying or more by telling you the truth.    Was their testimony made up in some way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely?    Or did they believe that their interests would be best served telling you the truth?    If you believe that a witness was motivated by hopes of personal gain, was the motivation one that would cause that witness to lie or one that would cause him or her to tell you the truth?    Did the motivation color the witness's testimony?

If you find that testimony by such a witness is false, you should reject it.    If, however, after giving cautious and careful consideration to that testimony, and to the witness's demeanor, and the other things that I mentioned, and you're satisfied that the witness told you the truth, you should accept it as credible and act accordingly.

As with any witness, let me emphasize that the issue of credibility doesn't have to be decided on an all-or-nothing basis.    Even if you find that a witness testified falsely in one part, you're still entitled to accept that testimony in other respects, or you can throw it all out of your consideration.    That's up to you.

You also heard testimony that certain of the accomplice witnesses pled guilty to certain crimes that are related to the allegations in this case. You are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a cooperating witness pled guilty to similar charges. The decisions of those witnesses to plead guilty were personal decisions that they made about their own guilt. It may not be used by you in any way as evidence against the defendant on trial.]

Adapted from Adapted from the charge given by the Hon. Joseph F. Bianco in *United States v. Sanchez*, 11 Cr. 639 (JFB).

Adapted from the charge of the Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK); and the charge of the Hon. Valerie E. Caproni in *United States v. Percoco*, 16 Cr. 776 (VEC).

# REQUEST NO. 31

## Preparation of Witnesses

### [*If Applicable*]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. Indeed, it would be unusual and surprising for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of a witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317; and the charge of the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (RJS).

# REQUEST NO. 32

## Similar Acts

**[*If Applicable*]**

There has been evidence received during the trial that the defendant engaged in conduct that was similar in nature to the conduct charged in the Indictment.

Let me remind you that the defendant is on trial only for committing the acts alleged in the Indictment. Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crimes charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. This other-act evidence was admitted for a more limited purpose, namely, as potential evidence of the defendant's motive, opportunity, intent, knowledge, plan, and/or absence of mistake, and to provide background for the alleged conspiracy, and you may consider it for those purposes only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

However, the evidence of similar conduct is to be considered by you only on the issues of motive, opportunity, intent, knowledge, plan, and/or absence of mistake. It may not be considered by you for any other purpose. Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crimes.

[The defendant intends to state his position with regard to this proposed instruction if and when it becomes relevant at trial.]

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-25, 5-26.

73

## REQUEST NO. 33

## Particular Investigative Techniques

**[*If Applicable*]**

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were or were not used by law enforcement authorities. There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means. While you are to carefully consider the evidence presented, you need not speculate as to why law enforcement used the techniques they did, or why they did not use other techniques. The Government is not on trial and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

[The defendant intends to state his position with regard to this proposed instruction if and when it becomes relevant at trial.]

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 4-4; the charge given of the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW).

# REQUEST NO. 34

## Use of Evidence Obtained Pursuant to Searches and Seizures

*[If Applicable]*

You have heard testimony about evidence seized in connection with certain searches or seizures conducted by law enforcement officers, and in particular, of email evidence obtained pursuant to court-approved search warrants. I instruct you that all of the evidence in this case, including evidence obtained pursuant to searches, was lawfully obtained, that no one's rights were violated, and that the Government's use of this evidence is entirely lawful. Whether you approve or disapprove of the uses of searches to obtain evidence should not enter into your deliberations, because I instruct you that the Government's use of this evidence is entirely lawful. Therefore, you must give this evidence your full consideration, along with all the other evidence in the case, as you determine whether the Government has proved the defendant's guilt beyond a reasonable doubt.

> Adapted from the charge of the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW); and the charge of the Hon. Katherine B. Forrest in *United States v. Levin*, 15 Cr. 101 (KBF).

## REQUEST NO. 35

## Charts and Summaries: Admitted as Evidence

**[*If Applicable*]**

Some of the exhibits that were admitted into evidence were in the form of charts and summaries. I decided to admit these charts in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

[The defendant intends to state his position with regard to this proposed instruction if and when it becomes relevant at trial.]

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-12.

# REQUEST NO. 36

## Charts and Summaries: Not Admitted as Evidence

**[*If Applicable*]**

There have also been a number of summary charts and exhibits introduced merely as a summaries or analyses of testimony and documents in the case. The charts and exhibits act as visual aids for you. They are not, however, evidence in themselves. They are graphic demonstrations of underlying evidence. It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts. To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.


Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-13;
the charge of the Hon. Richard J. Sullivan in *United States v. Peirce*,
06 Cr. 1032 (RJS).

## REQUEST NO. 37

## Stipulations of Testimony

**[*If Applicable*]**

In this case you have heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect to be given that testimony.

[The defendant intends to state his position with regard to this proposed instruction if and when it becomes relevant at trial.]

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-7; the charge of the Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK).

## REQUEST NO. 38

## Stipulations of Fact

**[*If Applicable*]**

In this case you have also heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed-upon facts as true.

[The defendant intends to state his position with regard to this proposed instruction if and when it becomes relevant at trial.]

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-6; the charge of the Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK).

**REQUEST NO. 39**

**Redaction of Evidentiary Items**

[*If Applicable*]

Among the exhibits received in evidence, there are some documents that are redacted.  "Redacted" means that part of the document was taken out.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

[The defendant intends to state his position with regard to this proposed instruction if and when it becomes relevant at trial.]

Adapted from the charge of the Hon. Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520.

# REQUEST NO. 40

## Persons Not on Trial

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that those persons are not named as defendants in the Indictment, or are not present at this trial. In addition, you may not speculate as to the reasons why other persons are not defendants in this trial. Those matters are wholly outside your concern and have no bearing on your function as jurors at this trial.

Adapted from the charge of the Hon. Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 ; *see also United States v. Muse*, No. 06 Cr. 600 (DLC), 2007 WL 1989313, at *22 (S.D.N.Y. July 3, 2017).

## REQUEST NO. 41

## Character Witnesses

**[*If Applicable*]**

The defendant has called witnesses who have given their opinion of his character or reputation. This testimony is not to be taken as the witness's opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this evidence together with all the other facts and evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you find a reasonable doubt has been created, you must acquit. On the other hand, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe the defendant, or the witness believes the defendant, to be a person of good character or to have a good reputation.

[The defendant intends to state his position with regard to this proposed instruction if and when it becomes relevant at trial.]

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-15; *see United States v. Pujana-Mena*, 949 F.2d 24, 27-32 (2d Cir. 1991) (criticizing instruction that character evidence "standing alone" is enough for acquittal as "potentially misleading and confusing").

## REQUEST NO. 42

## Uncalled Witnesses – Equally Available or Unavailable

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.   I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.   Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.   Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

[The defendant intends to state his position with regard to this proposed instruction if and when it becomes relevant at trial.]

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 6-7; the charge of the Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK); *see United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States v. Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

## REQUEST NO. 43

## Expert Testimony

### [*If Applicable*]

You have heard testimony from a witness/certain witnesses who was/were proffered as (an) expert(s) in different areas. An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept a witness's testimony merely because he or she is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

[The defendant intends to state his position with regard to this proposed instruction if and when it becomes relevant at trial.]

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 7-21.

## REQUEST NO. 44

## Defendant's Testimony

[*Requested Only If the Defendant Testifies*]

The defendant in a criminal case never has any duty to testify or come forward with any evidence.   This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.   That burden remains with the Government throughout the entire trial and never shifts to a defendant.   A defendant is never required to prove that he is innocent.

In this case, the defendant did testify and he was subject to cross-examination like any other witness.   You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

[The defendant intends to state his position with regard to this proposed instruction if and when it becomes relevant at trial.]

> Adapted from the charge of the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317.   *See United States v. Brutus*, 505 F.3d 80, 87-88 (2d Cir. 2007) (discussing appropriate charges when a defendant testifies).

## REQUEST NO. 45

## Defendant's Right Not to Testify

**[*If Requested by the Defendant*]**

The defendant did not testify in this case.   Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.   That burden remains with the Government throughout the entire trial and never shifts to a defendant.   A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room. [The defendant intends to state his position with regard to this proposed instruction if and when it becomes relevant at trial.]

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-21.

**Improper Considerations:    Race, Religion, National Origin, Sex, or Age**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.   It would be improper for you to consider any personal feelings you have about the defendant's race, religion, national-origin, gender, sexual orientation, or age.   Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case.   The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Adapted from the charge of the Hon. Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520.

# REQUEST NO. 47

## Punishment Is Not to Be Considered by the Jury

The question of possible punishment of the defendant or the potential consequence of conviction is no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively with me. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely on the basis of such evidence. Under your oath as jurors, you cannot allow consideration of the punishment that may be imposed on the defendant, if convicted, to influence your verdict, in any way.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 9-1; *see Shannon v. United States*, 512 U.S. 573, 579 (1994); the charge of the Hon. Lewis A. Kaplan in *United States v. Blacksands*, 17 Cr. 0155 (LAK).

## REQUEST NO. 48

## Sympathy: Oath as Jurors

Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence in the case. You are to determine the guilt or non-guilt of the defendant solely on the basis of the evidence and subject to the law as I have charged you.

I know you will try the issues that have been presented to you according to the oath which you have taken as jurors, in which you promised that you would well and truly try the issues joined in this case and render a true verdict. And I suggest to you that if you follow that oath without combining your thinking with any emotions, you will arrive at a just verdict. It must be clear to you that once you get into an emotional state and let fear or prejudice or bias or sympathy interfere with your thinking, then you don't arrive at a true and just verdict. Calm deliberation and good common sense are the qualities you should bring with you into the jury room.

The charges here, ladies and gentlemen, are serious, and the just determination of this case is important to both the defendant and the Government. Under your oath as jurors, you must decide the case without fear or favor and solely in accordance with the evidence and the law.

If the Government has failed to carry its burden, your sworn duty is to bring in a verdict of not guilty. If the Government has carried its burden, you must not flinch from your sworn duty, and you must bring in a verdict of guilty.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 2-12; the charge of the Hon. Irving Kaufman in *United State*s *v. Davis*, Appellant's Appendix at pp. 15a-16a, *aff'd*, 353 F.2d 614 (2d Cir. 1965).

## Conclusion

Your function now is to weigh the evidence in this case and to determine whether the prosecution has proven the defendant guilty beyond a reasonable doubt with respect to each count in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict on each count must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law. Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for her or himself, but do so only after an impartial discussion

and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

If you are divided, do not report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that, if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here. Do not deliberate unless all twelve of you are in the jury room.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

You are free to select any foreperson you like. The foreperson will preside over your deliberations, and will be your spokesperson here in court. That is simply for convenience, and it gives him or her no greater authority, and his or her vote has no greater weight than that of any other juror.

I will give each of you a verdict form for your convenience; the foreperson will have a verdict form on which you should record any verdict you reach unanimously.

Members of the jury, I am going to ask you to remain seated briefly while I confer with counsel to see if there are any additional instructions that they would like to have me give to you. Because there is a possibility that I might find it proper to give you such additional instructions, I ask that you not discuss the case while seated in the jury box.

Adapted from the charge of the Hon. Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520.

\* \* \*

The parties respectfully reserve the right to submit additional or modified requests at or near the close of evidence.

Dated: New York, New York
      October 22, 2019