

# FB&D

**FASULO BRAVERMAN & DI MAGGIO, LLP**

ATTORNEYS AT LAW

## MEMO ENDORSED

Louis V. Fasulo, Esq.– NY & NJ
Samuel M. Braverman, Esq.– NY & NJ
Charles Di Maggio, Esq.– NY & MA

www.FBDMLaw.com
SBraverlaw@fbdmlaw.com

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/20/19

December 18, 2019

Hon. Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re.: *United States v. Gordon Freedman, et al.*
Dkt. 18 Cr 217 (KMB)

*United States v. Gordon Freedman*
19 Cr 249 (AJN)

Your Honors:

I represent Dr. Gordon Freedman, the named defendant in each of the above matters pending before these two Courts. I write to both Courts today to respectfully request that Hon. Alison J. Nathan refer and the Hon. Kimba M. Wood accept the 2019 indictment for sentencing before Judge Wood as all the criminal acts alleged in the 2019 indictment stem directly from the conduct of the 2018 indictment tried before Judge Wood.

In the 2018 matter pending before Judge Wood, Dr. Freedman was arraigned on March 16, 2018 on a three count indictment charging him with Conspiracy to Violate the Anti-Kickback Statute, Violation of the Anti-Kickback Statute, and Conspiracy to Commit Honest Services Wire Fraud. The substance of the charges are that Dr. Freedman engaged in a conspiracy with employees of Insys Therapeutics, Inc. to prescribe Subsys, a transmucosal instant-release fentanyl medication, in exchange for bribes or kickbacks, thereby denying his patients of their right to the honest services of their medical professional. That matter proceeded through discovery and motion practice and a trial was held. Dr. Freedman was convicted of all charges. Sentencing is scheduled for March 19, 2020. Judge Wood modified Dr. Freedman's bond post-verdict and he remains at liberty pending sentence.

In the 2019 matter pending before Judge Nathan, Dr. Freedman is charged with 15 counts of Distribution or Possession with Intent to Distribute a Controlled Substance under 21 USC §841(b)(1)(C) (one count for each prescription written to Jeffrey Rosenthal) and one count of Distribution or Possession with Intent to Distribute a Controlled Substance Resulting in Death (for the 16th prescription written to Mr. Rosenthal which the Government believes resulted in his

1

225 Broadway, Suite 715
New York, New York 10007
Tel (212) 566-6213
Fax (212) 566-8165

505 Eighth Avenue, Suite 300
New York, New York 10018
Tel (212) 967-0352
Fax (201) 596-2724

Post Office Box 127
Tenafly, New Jersey 07670
Tel (201) 569-1595
Fax (201) 596-2724

death.)

Today, Dr. Freedman will enter a guilty plea before Judge Nathan to a lesser included offense under Count 16 of the 2019 indictment pending before her (the pled-to charge does not admit that the death resulted from the prescription) in full satisfaction of the 2019 indictment pending in her Court and pursuant to a plea agreement between the parties. As part of that plea agreement, it is understood that Dr. Freedman will make this application to both Courts to have his 2019 matter now pending before Judge Nathan referred for sentencing to Judge Wood "in light of the special facts of this case" and that the Government will take no position on this application. (See Letter of the Government to Defense Counsel dated December 10, 2019, p. 4).

Dr. Freedman respectfully submits to both Courts that the 2019 matter pending before Judge Nathan should be referred to Judge Wood for sentencing for the following reasons:

1. The 2018 indictment charged Dr. Freedman and four other doctors with conspiring to participate in a scheme to receive bribes and kickbacks in exchange for prescribing Subsys to his patients, thus depriving his patients of their right to the honest services of their doctor. As part of the discovery in 2018 indictment was the patient file of Jeffrey Rosenthal, the patient whose prescriptions form the basis for the 2019 indictment.

2. The death of Mr. Rosenthal and the Government's position that his death was a result of the prescriptions made by Dr. Freedman was discussed between the parties within one week of Dr. Freedman's arraignment on the 2018 indictment. Although 21 USC §841(b)(1)(C) charges were not included in the 2018 indictment, it was made clear by the Government that if the 2018 matter went to trial, the Government would consider further charges including 21 USC §841(b)(1)(C) with a death resulting enhancement.

3. The Government, as was its right, filed a separate indictment rather than a superseding indictment charging the 21 USC §841(b)(1)(C) with a death resulting enhancement in April, 2019, 13 months after the original 2018 indictment. Prior to the filing of the 2019 indictment, motion practice was held on the 2018 indictment and the remaining co-defendants of Dr. Freedman filed motions for severance from Dr. Freedman on the grounds that a future indictment for a 21 USC §841(b)(1)(C) with a death resulting enhancement would unfairly prejudice them at a future trial. The Court denied the motions on several grounds, including that evidence of the death of Mr. Rosenthal would not likely be evidence in the trial of the 2018 indictment, either on the Government's case in chief or on a direct case of Dr. Freedman, and thus the prospect of prejudice was not sufficient to grant the motion. (See 1:18-cr-00217-KMW-1, docket entries 66, 69, 74, 76, 78, 80. 108, and 129). The issue of the death of Mr. Rosenthal was then litigated again in motions *in limine* in October, 2019 in advance of trial. (Id., docket entries 154, 155, 156, 158, 160, 161, 164, 165, 166, and 174.)

4. The four co-defendants of Dr. Freedman charged in the 2018 indictment have

2

225 Broadway, Suite 715
New York, New York 10007
Tel (212) 566-6213
Fax (212) 566-8165

505 Eighth Avenue, Suite 300
New York, New York 10018
Tel (212) 967-0352
Fax (201) 596-2724

Post Office Box 127
Tenafly, New Jersey 07670
Tel (201) 569-1595
Fax (201) 596-2724

pled guilty. One defendant has been sentenced by Judge Wood and three remain to be sentenced by Judge Wood as of this writing.

5. It is also expected that the cooperating witnesses who testified before Judge Wood in the trial of the 2018 indictment and whose cooperation agreements stem from indictments originating in the Southern District of New York will ultimately have their matters referred to Judge Wood and be sentenced by Judge Wood as well, as is customary in this District.

6. Dr. Freedman was tried alone on the 2018 indictment and testified in his own defense for more than five hours and included testimony about his background, education, experience, and medical practice over a nearly 30 year history, and specifically included testimony about the several years covered by the 2018 indictment. The Government called as a witness an expert on the prescribing and effects of fentanyl medications, and who opined on the appropriateness of the prescriptions written by Dr. Freedman. There was substantial testimony at trial specifically on the Rosenthal matter, including the entry of Mr. Rosenthal's medical records into evidence, as well as extensive direct examination and cross-examination of Dr. Freedman about the motivation of Dr. Freedman in writing the prescriptions for fentanyl that are the acts charged in the 2019 indictment. Nearly all the discovery from the 2019 indictment was entered into evidence, save evidence of the death of Mr. Rosenthal. There are no acts by Dr. Freedman that are part of the 2019 indictment that were not covered by the trial of the 2018 indictment-the difference is in the outcome of those acts. The testimony of Dr. Freedman, which will certainly be the subject of much of the recommendation of Probation and the sentencing arguments of the parties, was directly observed by Judge Wood.

In light of the above points, it is respectfully submitted that Judge Wood has seen the broadest spectrum of facts related to the conduct of Dr. Freedman, his co-defendants, and the cooperating witnesses and would be in the best position to evaluate the arguments of both parties at the time of sentencing in order to implement the goals of 18 USC §3553(a). Therefore, it is respectfully requested that two Courts confer and Judge Nathan offer and Judge Wood accept referral of the 2019 indictment for sentencing when Judge Wood sentences Dr. Freedman on the 2018 indictment.

Respectfully submitted,

s/Sam Braverman
Samuel M. Braverman, Esq.
Fasulo Braverman & Di Maggio, LLP
225 Broadway, Suite 715
New York, New York 10007
Tel. 212-566-6213

Cc: AUSA Katherine Reilly (BY HAND)
AUSA Noah Solowiejczyk (BY HAND)
AUSA David Abromawitz (BY HAND)

*I have discussed this request with Judge Nathan. She consents to the transfer of U.S. v. Gordon Freedman, 19 Crim 249 (AJN) to me. I hereby accept its transfer to me.*

12-19-19

SO ORDERED, N.Y., N.Y.

Kimba M. Wood
KIMBA M. WOOD

225 Broadway, Suite 715
New York, New York 10007
Tél (212) 566-6213
Fax (212) 566-8165

505 Eighth Avenue, Suite 300
New York, New York 10018
Tel (212) 967-0352
Fax (201) 596-2724

Post Office Box 127
Tenafly, New Jersey 07670
Tel (201) 569-1595
Fax (201) 596-2724