UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- x

UNITED STATES OF AMERICA

- v. -

GORDON FREEDMAN,

Defendant.

-------------------------------- x

~~PRELIMINARY~~ KMW ORDER OF
FORFEITURE/
MONEY JUDGMENT

18 Cr. 217 (KMW)

WHEREAS, on or about March 15, 2018, GORDON FREEDMAN, (the "Defendant"), among others, was charged in three counts of an eight-count Indictment, 18 Cr. 217 (KMW) (the "Indictment"), with conspiracy to violate the Anti-Kickback Statute, in violation of Title 18, United States Code, Section 371 (Count One); violating the Anti-Kickback Statute, in violation of Title 18, United States Code, Section 2 and Title 42, United States Code, Section 1320a-7b(b)(1)(B) (Count Two); and conspiracy to commit Honest Services wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Three);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), of any and all property, real and personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained;

WHEREAS, the Indictment included a second forfeiture allegation as to Count Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all

property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Three of the Indictment that the Defendant personally obtained;

WHEREAS, on or about December 5, 2019, the Defendant was found guilty, following a jury trial, of Counts One through Three of the Indictment;

WHEREAS, the Government asserts that $308,600 in United States currency represents (i) any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, that the Defendant personally obtained; and (ii) all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense charged in Count Three of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government seeks a money judgment in the amount of $308,600 in United States currency, pursuant to (i) Title 18, United States Code, Section 982(a)(7), of all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment; and (ii) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Three of the Indictment; and

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Three of the

Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Three of the Indictment, of which the Defendant was found guilty, following a jury trial, a money judgment in the amount of $308,600 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One through Three of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, GORDON FREEDMAN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
July 3, 2021

SO ORDERED:

_____
HONORABLE KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE